JOSEPH READER v. FRANK J. OTTIS AND OTHERS.[1]

December 10, 1920.

No. 22,034.

**Highway—racing automobiles—joint liability for resulting injuries.**

1. Where two or more persons are unlawfully and negligently racing

[1]Reported in 180 N. W. 117.

automobiles on a public highway, in concert, and thereby injure another, all are liable in damages for such injuries.

**Question of negligence for jury.**

2. Testimony considered and *held* sufficient to require the submission of the question of the respondents' negligence to the jury.

**Driver of motor vehicle to allow space for passing.**

3. The duty of a person operating a motor car on a highway, toward one following at a more rapid pace, is to yield room enough for the latter to pass when it is needful and practicable and when requested.

**Driver responsible for injury caused by racing cars.**

4. Racing automobiles upon a public highway, is such an act of negligence as to make the parties thereto responsible for injuries resulting to others therefrom, nor does it necessarily relieve them from such liability, because the injured party happens to be in one of such racing cars.

Action in the district court for Ramsey county, by the father of Grace Reader, a minor, to recover $50,000 for injuries received by his daughter. The separate answers of defendants Ottis and LaValle specifically denied that the automobiles were engaged in a race or speed contest prior to, at or about the time of the alleged accident; and alleged that, if the race was being held as alleged in the complaint, defendant LaValle was not engaged in the service of defendant Ottis while so doing; that he did so without the consent, knowledge or authority of defendant Ottis; that he was not furthering or performing any purpose of his employment, or business of his employer, and that if the accident occurred as the result of such case it did not arise out of or pursuant to the employment of said LaValle. The cases were tried together before Hanft, J., who at the close of the testimony granted the separate motions of defendants Ottis and LaValle that the actions be dismissed as to them. From an order denying his motion for a new trial as to defendants Ottis and LaValle, plaintiff appealed. Reversed.

*Barton & Kinkead,* for appellant.

*Briggs, Weyl & Briggs* and *Guy Chase* for respondents.

QUINN, J.

Action brought by Joseph Reader, as the father of Grace Reader, a

minor, against the respective owners of two automobiles and the operators thereof, jointly, to recover for personal injuries sustained by such minor, through the alleged negligence of the operators of such cars. At the close of plaintiff's testimony the trial court granted a motion to dismiss the action as to the defendants Ottis and La Valle, upon the ground that the proofs failed to show any negligence on their part. From an order denying his motion for a new trial as to said defendants, the plaintiff appealed.

On May 8, 1919, the defendant Elger Jester, then 16 years of age, in company with Jane Reiss, George Kneip and Grace Reader, all about the same age, were returning to St. Paul in a Buick touring car owned by the defendant Lee T. Jester, over the White Bear road, which is paved to the width of 16 feet. When about two miles out from White Bear Lake the defendant La Valle, driving a Packard car, owned by the defendant Ottis, in the line of his duty, as the servant of the owner thereof, overtook the Buick.

Upon the trial plaintiff offered testimony to the effect that the Buick car had been going at the rate of about 18 or 20 miles an hour; that when La Valle overtook it he sounded his horn; that Jester, driving the Buick, turned to the left, and the Packard went ahead, Jester remarking that: "No car is ever going to get ahead of me." That he then quickened his speed and passed the Packard at the rate of about 45 miles an hour; that they raced for some distance when the Packard passed the Buick; that the Packard then kept the center of the pavement as the Buick again attempted to pass, going first to the right, then to the left at the rate of from 50 to 60 miles, but could not get by. There was a curve of about 45 degrees in the pavement ahead, the left wheels of the Buick went off the edge of the pavement and when the driver undertook to turn the curve the car went into the ditch, seriously injuring Miss Reader. While the cars were racing Kneip and both of the girls tried to persuade Jester to desist therefrom, but to no avail. The four young people had been out on a pleasure trip to White Bear Lake.

Our statute provides, in effect, that no person shall drive a motor vehicle upon any public highway of this state at a speed greater than is reasonable and proper, having regard to the traffic and use of the high-

way, or so as to endanger the life or limb or injure the property of any person. It also provides that if the speed of any motor vehicle operated on any highway outside of an incorporated city, town or village, exceeds 25 miles an hour for a distance of one-quarter of a mile, such rate of speed shall be prima facie evidence that the person operating the same is running at a rate of speed greater than is reasonable and proper. G. S. 1913, § 2635.

We are of the opinion in view of the statute and the showing made, that it was for the jury to say whether the driving was such as to endanger the safety of others lawfully upon such highway, and whether the same was done in concert. If the jury should find in the affirmative on those issues, then it would be authorized to hold the respondents liable, provided, of course, the proofs were sufficient upon the other issues in the case. 1 Cooley, Torts (3d ed.) p. 249; De Carvalho v. Brunner, 223 N. Y. 284, 119 N. E. 563; Burnham v. Butler, 31 N. Y. 480; Brown v. Thayer, 212 Mass. 392, 99 N. E. 237; Potter v. Moran, 61 Mich. 60, 27 N. W. 854; Hanrahan v. Cochran, 12 App. Div. 91, 42 N. Y. Supp. 1031.

The question is, was there evidence sufficient to fairly sustain a finding by the jury, that the respondents were guilty of negligence which contributed to the injury. The law imposes upon all persons using a public highway, the obligation to exercise ordinary care to avoid inflicting injury upon others. Our highways are not designed or maintained as places for racing automobiles, and those who use them for such purpose do so at their peril. Nor does the fact that the injured party was riding in one of the racing cars necessarily relieve the respondents from liability. The car in which she was riding had been going at a moderate rate of speed. When the Packard passed it the speed quickened and the racing began. The girl could not avoid the peril. She protested with the driver, as did the other occupants of the car, but to no avail. She could do no more. She had no control or right of control over the driver, nor was she engaged in a joint enterprise with the driver and the others occupying the automobile at the time. She was entitled to the same consideration from the driver of the Packard as though riding in a car not in the race. Clearly it

is the duty of a person driving a car upon a highway to yield room to pass to one following at a more rapid pace, when it is needful and practicable, and when requested so to do. G. S. 1913, § 2634; Mark v. Fritsch, 195 N. Y. 282, 88 N. E. 380, 22 L.R.A.(N.S.) 632, 133 Am. St. 800.

The rule is well settled that, where two or more tort-feasors, by concurrent acts of negligence, which, although disconnected, yet, in combination, inflict injury, all are liable. Brown v. Thayer, supra; Feneff v. Boston & Maine R. R. 196 Mass. 575, 82 N. E. 705. See also line of decisions cited in note on page 158, Vol. 20 R. C. L. where it is held that one who is riding in a vehicle or car, the driver of which is not his agent or servant, nor under his control, and who is injured by the negligence of a third person, and of such driver, may recover of the third person for the injuries inflicted through such concurring negligence. The question of negligence on the part of the driver of the Packard car was, in our opinion, for the jury.

Reversed.