Thomas v. Rasmussen.

ROSA MAE THOMAS, APPELLEE, v. LLOYD RASMUSSEN ET AL., APPELLANTS.

FILED JULY 7, 1921. No. 21604.

1. **Highways: MOTOR VEHICLES: STATUTE REGULATING SPEED.** The provision of section 28, ch. 222, Laws 1919, requiring the speed of a motor vehicle on a public highway to be reduced to, and maintained at, a rate not exceeding 15 miles an hour when approaching any of the various objects therein mentioned, has no application to a case where one motor vehicle overtakes and passes another

traveling in the same direction, such passing being governed by the provisions of section 29 and the general limitations of speed found in section 28 of said chapter.

2.  Evidence examined and found insufficient to sustain the verdict against defendant Pederson.

APPEAL from the district court for Dawson county: HANSON M. GRIMES, JUDGE. *Reversed.*

*I. J. Nisley* and *Cook & Cook,* for appellants.

*Hainer, Craft & Edgerton* and *T. M. Hewitt, contra.*

Heard before LETTON, DAY and DEAN, JJ., CLEMENTS and MORNING, District Judges.

CLEMENTS (E. J.), District Judge.

This is an action to recover damages for an injury to plaintiff's person sustained in an automobile accident, which, it is alleged, was caused by the negligence of defendants. From a verdict and judgment for plaintiff, defendants appeal.

The following facts are established by the pleadings and undisputed evidence, to wit: On September 11, 1919, at about 10 o'clock p. m., the plaintiff, at the invitation of her brother-in-law, Fred Troxel, was riding in a Buick automobile owned by said Troxel and being driven by him westward on the Lincoln highway about one mile east of Cozad, Nebraska. At that place said highway extends east and west, and is a graded road having two traveled tracks about three or four feet apart. Said automobile was then traveling in the left-hand or south one of said tracks at a speed of about 20 miles an hour. The defendant, Ferdinand Pederson, driving a Dodge automobile, and the defendant, Lloyd Rasmussen, driving a Ford, were also traveling westward on said highway at that time and place, the Dodge being a short distance ahead of the Ford, at a speed estimated by plaintiff's witnesses at from 30 to 35 miles an hour and by defendants' witnesses at from 20 to 30 miles an hour. Pederson passed said Buick car on the north and right-hand side without in any manner

touching it. Rasmussen also attempted to pass on the north side, but in doing so the left side of his Ford, near the rear, came in contact with the bumper of the Buick, the Buick car tipped over and plaintiff was thereby injured. When they overtook the Buick car neither of the defendants indicated to its driver by sound or call that he desired to pass.

The plaintiff alleged, and introduced evidence to prove, that at the time of the accident defendants were racing; that defendant Rasmussen, while passing the Buick car on the north side, turned to the left and attempted to run in ahead of it at a less distance than 30 feet therefrom, and in so doing collided therewith and thereby overturned it. Defendants deny this, and contend, and have introduced evidence to prove, that Rasmussen did not turn to the left or run into the Buick car, but that said car was driven into the rear of his Ford while he was traveling in the north track.

At the close of plaintiff's case, and after all evidence was in and both parties had rested, each of the defendants moved the court to direct a verdict in his favor, for the reason that the evidence is not sufficient to sustain a verdict against him, which motions were overruled, and each defendant contends that said ruling against him was erroneous.

A careful reading of the record shows that the evidence introduced by plaintiff supports her allegations that defendant Rasmussen, in attempting to pass on the right-hand side, negligently turned his Ford to the left and drove it against the car in which plaintiff was riding, thereby overturning it and injuring plaintiff. This evidence, if believed by the jury, which it evidently was, fully justifies and sustains the verdict against said defendant Rasmussen. Therefore the trial court did not err in overruling his motion for a directed verdict.

Where a person is injured by the racing of two or more other parties on a public highway, all engaged in the race are liable, although only one of the vehicles came in con-

tact with the injured person or the vehicle in which he is riding. Berry, Automobiles (2d ed.) sec. 184. Plaintiff seeks to hold defendant Pederson liable under this rule. As his automobile did not come in contact with the Troxel car, Peterson cannot be held liable, unless plaintiff's allegation that defendants were racing is proved by a preponderance of the evidence; and this question was raised by his motion for a directed verdict.

Racing, as defined by Webster, is a running in competition, a contest of speed. Is there sufficient evidence to support a finding that defendants were running in competition or engaged in a contest of speed? The only competent evidence in the record bearing upon this question shows that defendants were driving on a well-traveled highway, outside of a city or village, at a speed variously estimated at from 20 to 35 miles an hour; that both were driving on the same and right side of the road in the same track, Rasmussen a short distance behind Pederson. It is true that several of plaintiff's witnesses said defendants were racing, but this assertion was a mere conclusion. None of said witnesses saw either of defendants or knew or pretended to know how they were driving until they were within a short distance of the place of the accident; and the only facts or circumstances disclosed by the record on which such conclusion was based are as above stated. The defendant Pederson testified that he did not try to prevent any car from passing him; that when he passed the Buick he did not know that there was another car behind him and did not know that Rasmussen was in the neighborhood until after the accident. Defendant Rasmussen testified that he drove behind Pederson's car several miles and made no effort to pass same; that there was no rivalry as to who could drive the faster. We therefore feel compelled to hold that there is not sufficient evidence to sustain a verdict against the defendant Pederson, and that the court erred in overruling his motion for a directed verdict.

In defendant's brief it is argued that the trial court

erred in giving each of instructions Nos. 1, 7, 8, 9, 12, 13, 14 and 18.. The objections urged against instructions Nos. 1, 7 and 9 will be considered together.

For a statement of the issues in the instructions, the trial court substantially copied the pleadings of the parties. Instruction No. 1 is almost a verbatim copy of plaintiff's petition. This method of stating the issues has been repeatedly condemned by this court. *Tobler v. Union Stock Yards Co.*, 85 Neb. 413. And if it results in prejudice to the complaining party it is sufficient grounds for reversal. *Hanna v. Hanna*, 104 Neb. 231.

In plaintiff's petition so copied, it is alleged that when defendants approached plaintiff they did not "reduce their speed to a rate not exceeding 15 miles an hour, but negligently and unlawfully maintained a much greater speed than 15 miles an hour in passing plaintiff." In instruction No. 7 the court quoted from section 28, ch. 222, Laws 1919, the following, to wit:

"No person shall operate a motor vehicle on any highway outside of a city or village at a rate of speed greater than is reasonable and proper, having regard for the traffic and use of the road and the condition of the road, nor at a rate of speed such as to endanger the life or limb of any person, nor in any case at a rate of speed exceeding thirty-five miles per hour. * * * Upon approaching an intersection of highways or a bridge, or a sharp curve, or a steep descent, or another vehicle, or an animal, or person, outside of any village or city, the person operating a motor vehicle shall reduce the speed of such vehicle to a rate not exceeding fifteen miles an hour and shall not exceed such speed until entirely past such intersection, bridge, curve, descent, vehicle, animal, or person."

A part of section 31 of said chapter, which requires an automobile to be equipped with brakes, signals and lights, was also copied in said instruction. In instruction No. 9 the court told the jury that it is competent to consider said statutes as affecting the question of defendants' negligence.

In section 29 of the same chapter it is provided: "Whenever any person traveling with any vehicle or conveyance on any road in this state shall overtake another vehicle or conveyance traveling in the same direction and shall by sound or call indicate to the driver thereof his or her desire to pass, it shall be the duty of the driver of the vehicle or conveyance in front, if the nature of the ground or the condition of his load will permit, to promptly turn to the right of the center of the road, and the driver of the vehicle or conveyance behind shall then turn to the left of · the center of the road and pass without interfering or interrupting, and the driver of said vehicle or conveyance passing shall not return to the center of the road until at least thirty feet ahead of the vehicle or conveyance passed."

The provisions of said sections 28 and 29 above quoted supersede the common-law rules of the road as to matters covered by them. To determine the correct meaning and interpretation of said provisions they must be considered and construed together. Effect must be given, if possible, to every word, clause and sentence, so that no part of said provisions will be inoperative, superfluous, void or insignificant; and they must be construed, if possible, so they will not be inconsistent and one destroy another. 2 Sutherland, Statutory Construction (Lewis', 2d ed.) sec. 380.

The statutory provisions above quoted clearly recognize the right of a person to drive a motor vehicle on a public highway, outside of a city or village, at a rate of speed not exceeding 35 miles an hour, where such a rate would be reasonable and not endanger the life or limb of any person, and to pass another vehicle traveling in the same direction; and the rules governing the action of the parties, which should be observed by them in such passing, are specifically laid down. It seems improbable and incredible that the legislature intended that such rights can be exercised only when the vehicle to be passed is traveling at a speed of less than 15 miles an hour. If such were

the law, then it would be lawful for all motor vehicles traveling in the same direction on a public highway to travel 35 miles an hour in case they all maintained that speed; but if the car in the lead should maintain a speed of 15 miles an hour, then all others would be compelled to remain behind it and travel at no greater speed, or violate the law. We think that such a construction would render these provisions inconsistent and contradictory, the law impracticable and unreasonable, and would violate the above well-established and familiar rules of statutory construction. We therefore hold that the part of said section 28 requiring the speed of a motor vehicle to be reduced to, and maintained at, a rate not exceeding 15 miles an hour has no application to a case, like the one at bar, where one automobile overtakes and passes another which is being driven in the same direction. This is the construction placed on a similar statute of Kansas in *State v. Pfeifer,* 96 Kan. 791, and we have found no authority which announces a contrary doctrine. It follows that the court erred in giving instructions Nos. 1, 7 and 9, in which the jury were directed to consider said provision of section 28 in determining whether the defendants were negligent.

The giving of instruction No. 12 was also error, for it permitted the plaintiff to recover against the defendant Pederson, if the jury found he was racing, and we have hereinbefore held that there was not sufficient evidence to justify the submission to the jury of the issue of whether the defendants were racing.

In instruction No. 13 the court charged the jury that, if it found that the defendant Rasmussen had violated the provisions of the statute therein specified and plaintiff sustained injury thereby, said defendant is liable for the damages resulting from said injury. This is equivalent to saying that the violation of such statutory provisions is negligence as a matter of law, which is the doctrine announced in *Walker v. Klopp,* 99 Neb. 794, and which was expressly disapproved by this court in the later case of *Stevens v. Luther,* 105 Neb. 184. The giving of said in-

structions was therefore error.

We find no material error in any of the other instructions complained of.

Because of the errors hereinbefore pointed out, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.