### SAYLES v CABELL et

Ohio Appeals, 9th Dist, Summit Co

No 2247.   Decided July 31, 1933

W. S. Hutchison, Akron, for plaintiff in error.

Rockwell, Grant, Thomas & Buckingham, Akron, for defendant in error Arthur P. Cabell.

ROBERTS, J (7th Dist) sitting in place of WASHBURN, PJ.

## OPINION

By ROBERTS, J.

Several reversible errors are alleged by Sayles to have occurred during the trial, the first of which is, as presented in brief, that "the court erred in failing to direct a verdict for the defendant Sayles." This contention is subdivided as follows: "(a) that the trial court had no jurisdiction over the person of the defendant Sayles; (b) that there is no evidence in this record to sustain the charges of concurrent negligence; and (c) that the negligence of Lee was the proximate cause of the collision."

It is not disputed that Sayles was a resident of Miami County. The action being commenced and pending in this, Summit County, service was had upon Lee by the sheriff of Summit County, and a summons was sent to the sheriff of Miami County, who made service thereof on Sayles.

It is not contended but that to sustain a right to maintain this action against Sayles in this county, Cabell must have a joint, or joint and several, right of action against Sayles and Lee. If only Sayles was negligent, he would not be subject to an action in this county. If only Lee were negligent, then, of course, no action could be properly maintained and a recovery had against Sayles.

Counsel for Sayles insists that the only material issue to be determined was that of concurrent negligence.

The petition of the plaintiff alleges that the accident was a direct and proximate result of the negligence of the two defendants, which negligence of each concurred in point of time and co-operated to produce said results. It is said by counsel for plaintiff in error that the negligence of both defendants must concur and that the concurrent negligence must be the proximate cause of the injury. It is then argued by counsel that the evidence in the case fails to establish concurrent negligence.

It is further contended by counsel for the plaintiff in error, Sayles, that, considering the testimony of Lee and the plaintiff below, the Lee car had stopped in the middle of the road and so remained for a space of

time consisting of several seconds. This testimony is further to the effect that, immediately after the Lee car stopped, the lights of what subsequently proved to be the Sayles car, were seen approaching about 500 feet away, and the testimony on the part of Sayles indicates that his car was then being operated at about 30 miles per hour. It is claimed that, because the Lee car had stopped and ceased to be active, the negligence previously existing in the manner of its operation ceased to be proximate and became remote so far as the collision is concerned, and that, considering the testimony of Lee and Cabell, the accident was the result of the sole negligence of the operation of the Sayles car.

It is further contended that, if the testimony of the Sayles family be accepted as the true version of the accident, then Sayles was guilty of no negligence whatever, and that in any event the verdict should be set aside and the judgment reversed as against him.

On the other hand, it is the contention of counsel for Cabell that the accident was the result of the joint and concurring negligence of both of the defendants in the Court of Common Pleas.

The issue thus arising requires a determination of what constitutes joint tort feasors, or what is concurrent negligence.

To sustain his contention, counsel for the plaintiff in error cites several authorities, the first being **Hrovat v Cleveland Ry. Co., 125 Oh St 67.** The third syllabus of this case reads as follows:

"3. In a suit against two defendants for concurring negligence, where it appears that the negligence of one of the defendants was remote and that the intervening negligence of the other was the sole or proximate cause of plaintiff's injuries, no recovery can be had against that defendant whose negligence was remote."

This case involved a collision between a taxicab and a street car, in which no doubt was entertained as to the negligence of the operator of the taxicab, and the Supreme Court in the opinion held that the evidence in the case did not indicate negligence on the part of the defendant railway company. The facts in that case are not found upon which construction of a rule may be developed indicative of its proper application to the facts in the instant case; that is to say, accepting the rule as declared by the Supreme Court in its application to that case, its application or manner of construction is not apparent in the case now under consideration by this court.

Counsel for the plaintiff in error also cites the case of **Agricultural Society v Brenner, 122 Oh St 560.** In that case the action was brought against three defendants: the Stark County Agricultural Society, the Veterans of Foreign Wars, and Alexander De Michele, doing business as the Hudson Fireworks Mfg. Co. The cause of action arose from the accidental explosion of fireworks left on the grounds of the agricultural society, intended to have been used in some demonstration on behalf of the Veterans of Foreign Wars. This last named defendant was, by consideration of the court, eliminated from any responsibility in the action, and the court held that there was no mutuality in the conduct of the two remaining defendants; that they were not engaged in the execution of a common purpose, and their relations were not such as indicated joint or concurrent action.

The above-quoted and other mentioned authorities by counsel for the plaintiff in error not being considered decisive upon this issue in the instant case, as to whether or not the conduct of the two defendants can properly be considered as joint and concurrent negligence, this proposition must be considered further.

The difficulty of determining the rule as to joint and concurrent negligence applicable to this case, arises from the fact that the conduct of Lee in the operation of his car had ceased to become active a few moments before the collision and the alleged negligent conduct of Sayles did not become active, so far as contributing to the accident is concerned, until a few moments after activity on the part of Lee had terminated. It is apprehended, however, that the liability of the parties is not to be determined by any line of demarcation between the times when activity and inactivity occurred—that is to say, the negligence does not become remote but continues to be proximate so long as the result of such conduct is potent to and does proximately effectuate the result complained of.

A very similar case to the one at bar is that of Floun v Birger et, a Missouri case, reported in 296 SW 203. The third paragraph of the syllabus is as follows:

"3. Where boy when crossing street was struck by automobile and knocked prostrate, and while in such position, and without occurrence of any new and independent force or intervening efficient cause to break connection between original wrong and in-

jury, he was struck by a second automobile, so that both negligent acts concurred to produce final and complete result, he was entitled to proceed against both tort feasors, if he so desired, and hence motion requiring him to elect was properly overruled."

In the case just quoted, as well as in the instant case, the act of the one party had ceased so far as the injured person was concerned, but without the occurrence of any new and independent or intervening efficient cause, the negligence of the other party then occurred, and the injury in either case would not have resulted except for the negligence of both defendants in each case. That is to say, in the case cited, the boy would not have been injured had he not been first knocked down in the street by one of the defendants and then run over by the automobile of the second defendant; while in the case at bar, the injury to Cabell would not have happened had it not been for the negligent conduct of Lee in so operating his car that it stalled partially upon the wrong side of the highway, and the immediate subsequent negligent conduct of Sayles in operating his car into collision with the Lee car.

Reference is now made to the case of McDonald v Robinson et, Iowa Supreme Court, 224. NW 820, 62 A.L.R. 1419. This case involved an injury to the plaintiff by reason of the operation of two automobiles, one of which crowded the other into collision with plaintiff. It was said in the syllabus (quotations from A.L.R.) that—

"4. The jury are warranted in finding negligence on the part of both drivers of automobiles which, while being driven on intersecting streets, collided at the intersection so that both of them were thrown off their course, interlocked, and ran over 50 feet before stopping.

"5. The negligence of the driver of an automobile struck by another automobile at a street intersection and thrown out of its course so that it strikes a pedestrian near the curb is not the sole cause of the resulting injury, but such injury must be deemed to have been caused by the concurrent negligence of both drivers." .

In the opinion in this case it was said, on page 1422, that—

"The real point of controversy between counsel, when carefully analyzed, is as to what wrongful or tortious acts are necessary to render two or more persons joint tort feasors. A common intent, purpose, and design on the part of the wrongdoers to do a particular wrong or injury, as, for example, where a conspiracy is charged, is not always essential. There is a large class of cases in which joint liability may exist from which the element of intent and unity of design and purpose is wholly absent. If the acts of two or more persons concur in contributing to and causing an accident, and but for such concurrence the accident would not have happened, the injured person may sue the actors jointly or severally, and recover against one or all, according to the proven or admitted facts of the case. * * *

"This rule has the support of the great weight of authority, as a careful reading of the following decisions from other jurisdictions will disclose."

Then follows the citation of a large number of cases from many states.

Following the report of the case may be found an extended annotation of some six pages, and including many cases of similar accidents and like holdings as to what constitutes joint and concurrent negligence.

In 16 A.L.R. 463, may be found the case of Reader v Ottis et, Supreme Court of Minnesota (also reported in 180 NW 117), where the same subject is considered and a like holding reached; and following the opinion are annotations, citations and quotations from numerous other cases.

"The weight of authority will, we think, support the more general proposition, that, where the negligence of two or more persons concur in producing a single, indivisible injury, then such persons are jointly and severally liable, although there was no common duty, common design or concert action."

1 Cooley on Torts (3rd ed.) 247.

"1. 'Concurrent negligence' arises where the injury is proximately caused by the concurrent wrongful acts or omissions of two or more persons acting independently. That the negligence of another person than defendant contributes to produce the injury is of no consequence, as both are liable, and, unless the damage caused by each is separable, each is liable for the entire damage, and the degree of culpability is immaterial."

Carr v St. Louis Auto Supply Co. (Supreme Court of Missouri), 239 SW 827.

"The weight of authority is to the effect that where separate and independent acts of negligence of two parties are the direct

causes of a single injury to a third person, and it is impossible to determine in what proportion each contributed to the injury, either is responsible for the whole injury; and this although his act alone might not have caused the entire injury, and although, without fault on his part, the same damage would have resulted from the act of the other."

26 R.C.L., "Torts," §13, at pp. 764-765.

"When an injury occurs through the concurrent negligence of two persons, and would not have happened in the absence of either, the negligence of both is the proximate cause of the accident, and both are answerable. Under such circumstances it is reasonable to hold each liable for the entire loss, because the same would not have occurred if the negligence of either were absent. · Notwithstanding the concurrence of the two causes, each, in a sense, under such circumstances, is the proximate cause of the loss, because there is responsible human causation back of it, without which the injury would not have happened."

22 R.C.L., "Proximate Cause," §16, at pp. 129-130.

For the reasons that the negligence of each defendant contributed proximately and directly to the accident, and that the accident would not have happened except for the conduct of each party, and because no separate, independent cause intervened between the negligent acts of these two parties whereby that of one might have become remote, the defendants are jointly and severally liable. It is unimportant, under such circumstances, that the conduct of each party did not occur simultaneously. This would seem to be the only reasonable conclusion.

To illustrate: Suppose that A wrongfully and negligently makes an excavation in a public highway, and that subsequently B, riding in an automobile with C, who operates the car in a dangerous and negligent manner, is precipitated into the excavation and receives injuries. No reason is apparent why both negligent parties should not be held liable. The accident would not have happened except for the wrongful conduct of each, and so long as the conduct of the first party in making the excavation remained potent to cause or contribute to the injuries, without any intervention by a third party, both of the negligent parties should be liable in damages.

Again: Suppose A negligently places a

harmful substance in a water supply, and that B drinks of this water through the negligence of C in furnishing it to him. Neither party should be absolved from responsibility because both did not perform their respective wrongful acts at the same precise moment of time.

Having thus reached the conclusion that the two defendants were jointly and severally liable, the action was properly brought against Sayles in Summit County, the residence of the other defendant. This court is further not able to say that the finding of the jury that each defendant was guilty of negligence was against the manifest weight of the evidence, and it follows that the trial court did not err in refusing to direct a verdict in favor of the plaintiff in error.

It is also claimed that reversible error occurred in the admission of testimony by Lee that Sayles drew a revolver and pointed it at him immediately following the accident.

Lee's excuse or reason for so testifying was that Sayles had previously testified that Lee said, following the accident, that he would assume all responsibility for damages. We think that it was not prejudicial error for Lee to give this explanation as to why he used language which might be construed as indicating responsibility for the accident.

It is also urged that the court erred in refusing to charge the jury as requested by defendant Sayles.

Without taking further time to enter upon a discussion in this matter, it is considered sufficient to say that an examination of this proposition fails to indicate that reversible error occurred in this respect.

The final conclusion of this court is that there is no reversible error found in the case, and the judgment of the Court of Common Pleas is therefore affirmed.

FUNK and STEVENS, JJ, concur in judgment.