### MESMER v. WAGNER et al.*

No. 16325.

Court of Appeal of Louisiana. Orleans.

June 1, 1936.

*Rehearing denied June 22, 1936.

Quintero & Ritter, and M. C. Scharff, all of New Orleans, for appellants.

W. H. Sellers, and Edward Rightor, both of New Orleans, for appellee Collins Piano Co., Inc.

McCALEB, Judge.

On January 20, 1928, the plaintiff's wife was a passenger in a Ford sedan driven by Mrs. Ethel Danflous. This automobile was proceeding on Fern street in the city of New Orleans in the direction of the lake. Just as the car reached the intersection of Fern and Jeannette streets, it was run into and turned over by a Cadillac automobile which was being driven at a reckless rate of speed on Jeannette street in the direction of Carrollton avenue. The plaintiff's wife was severely injured in the accident, and later died as a result of her wounds.

The automobile causing the damage was owned by Mrs. Emily Wagner and was driven, at the time of the accident, by one Raymond Manint.

On January 14, 1929, the plaintiff brought this suit individually and on behalf of his minor children to recover damages caused to himself and to his children by reason of the death of his wife through the wrongful act of the defendants.

The named defendants in the suit are: Mrs. Emily Wagner, owner of the automobile causing the accident; Raymond Manint, the driver of the automobile; Austin Romaguera, a deputy civil sheriff; Maurice J. Hartson, civil sheriff for the parish of Orleans; and Collins Piano Company, Inc.

Mrs. Wagner was never served with process, and is not a party to this appeal.

The judgment of the district court was in favor of plaintiff against Raymond Manint in the sum of $14,000, and he has not appealed. Maurice J. Hartson, civil sheriff, and Austin Romaguera, deputy civil sheriff, were dismissed by the lower court on exceptions, and plaintiff has not appealed from the judgment of dismissal.

The only party defendant with whom we are concerned here is Collins Piano Company, Inc. This defendant was dismissed from liability by the lower court, and the plaintiff has appealed from the judgment of dismissal, claiming that the trial judge erred in his decision.

Plaintiff's theory of liability on the part of the Collins Piano Company is as follows:

On the date of the accident there was a suit pending in the civil district court by the Collins Piano Company, Inc., against Mrs. Wagner. Several unsuccessful attempts had been made by the civil sheriff to serve her with process.

Pursuant to an order of court, the civil sheriff had been instructed to serve Mrs. Wagner with a rule for contempt of court and, as no member of his staff was acquainted with Mrs. Wagner, while certain employees of the Collins Piano Company were able to identify this lady, the Collins Piano Company arranged to have two of its employees accompany the civil sheriff, or one of his deputies, to Mrs. Wagner's residence on South Pierce street for the purpose of making service. Accordingly, Romaguera, the deputy civil sheriff, accompanied by two employees of Collins Piano Company, repaired to the premises of Mrs. Wagner on South Pierce Street in an automobile of Collins Piano Company, Inc., and parked the car a block away from the house. Romaguera went to the house to try to serve Mrs. Wagner and, being informed that she was not there, he returned to the point where the automobile of the Collins Piano Company was parked. Romaguera and the two employees of the Collins Piano Company, suspecting that Mrs. Wagner was home, waited in the automobile, and shortly thereafter Mrs. Wagner came out of the house, accompanied by three men, entered her automobile, and drove off. Thereupon the automobile of Collins Piano Company, containing its employees and Romaguera, followed the Wagner car. The course taken by the Wagner car was from South Pierce street into Tulane avenue, from Tulane avenue to Carrollton avenue, from Carrollton to Washington avenue. During all this time the car of the Collins Piano Company was following the Wagner car. After the Wagner car had traversed Washington avenue to Broad street the occupants of the Collins Piano Company car lost sight of it. At that time Romaguera suggested that they drive through some of the side streets within that vicinity in an effort to locate the destination of the Wagner car. This

course was pursued for some time and finally, while the Collins Piano Company car was proceeding on Burdette street in the direction of the lake, upon nearing the corner of Jeannette street, the occupants thereof noticed the Wagner car traveling on Jeannette street at a fast rate of speed in the direction of Carrollton avenue. The driver of the Collins Piano Company car immediately turned into Jeannette street, and at the next corner the Wagner car collided with the automobile in which plaintiff's wife was a passenger. Romaguera immediately went to the Wagner car and was surprised to find that Mrs. Wagner was not located therein. He placed the driver, Manint, under arrest, and, together with the help of the employees of the Collins Piano Company, extricated plaintiff's wife from the overturned automobile and brought her to a hospital.

The position taken by the plaintiff, under the facts as above set forth, is that the evidence shows a constant, or "hot" pursuit by the Collins Piano Company car of the Wagner car, and that such pursuit is analogous to an unlawful race between two automobiles, and that the acts of the agents and employees of the Collins Piano Company are tantamount to the engagement in a joint and unlawful enterprise with the driver of the Wagner car.

■■■ Able counsel cite, as authority for the proposition they proclaim, Cooley on Torts, vol. 1 (3rd Ed.), p. 249; Berry on Automobiles (6th Ed.) § 194; De Carvalho et al v. Brunner et al., 223 N.Y. 284, 119 N.E. 563; Thomas v. Rasmussen et al., 106 Neb. 442, 184 N.W. 104, 105; Reader v. Ottis et al., 147 Minn. 335, 180 N.W. 117, 16 A.L.R. 463. The text-writers and the cases above cited all hold that where two or more persons enter into an unlawful agreement to race automobiles, horses, or trucks, and one of the participants in the venture injures a third person, all persons who are parties to the agreement are liable as joint tort-feasors. While we recognize the foregoing doctrine to be sound, still we are unable to fathom the reason why it should obtain in the case at bar. Assuming, in the present case, that the arm of the law was in "hot" pursuit of the person who was attempting to evade the service of process, we entertain extreme doubt that a third person injured by the evader could successfully maintain that the sheriff, or persons acting in concert with him for the purpose of law enforcement, could be held to have been engaged in a joint enterprise to violate the traffic ordinances of the city. If such were the case, the machinery of law enforcement in this era of speed would not only be seriously hampered, but criminals would be equipped with one more device to assure them of effective escape.

However, it is unnecessary in the case at bar for us to further enlarge the remarks which we have above set down in order to demonstrate that the theory which plaintiff seeks to invoke would be discordant with the public policy of the state and the nation. For we find, from the evidence presented, that the civil sheriff and the Collins Piano Company did not pursue or chase the Wagner car in such manner as to characterize the progress of the automobiles as being engaged in an unlawful race. There is no direct evidence in the record showing that the occupants of the Wagner car knew that they were being followed by the Collins Piano Company car, and the evidence of Romaguera and of the driver of the Collins Piano Company car is to the effect that, while they followed the Wagner car to Washington avenue and Broad street, that at this point they lost vision of the Wagner car. As to their movements after losing the Wagner car, the testimony shows that they were cruising around in an attempt to discover the location of the house in which they believed Mrs. Wagner could or would be found at the end of her journey.

The district judge was of this opinion, and his conclusion on this question of fact will not be disturbed in absence of obvious error. We are unable to discern error in his finding.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.