**O. D. SHAVER, Individually and as Next Friend for Charles D. Shaver, a Minor, Appellant,**

**v.**

**Norman Paul MANZIEL, Appellee.**

**No. 7287.**

Court of Civil Appeals of Texas.

Texarkana.

May 9, 1961.

Rehearing Denied June 6, 1961.

**21**

Lawrence & Lawrence, Tyler, for appellant.

Ramey, Brelsford, Hull & Flock, Ted Chilcote, Tyler, for appellee.

DAVIS, Justice.

Plaintiff-appellant, O. D. Shaver, individually, and as next friend for his minor son, Charles D. Shaver, sued defendant-appellee, Norman Paul Manziel, a minor, for personal injuries as the result of an automobile accident in the City of Tyler. The case was tried before a jury. On the jury verdict, judgment was entered that appellant take nothing.

Appellant's single point of error reads as follows:

"The trial court erred in overruling appellant's motion for judgment based upon the jury verdict since there were no jury findings of proximate cause in connection with appellee's defense based upon voluntary exposure to risk."

It must be decided whether or not a jury finding of proximate cause is necessary in view of the jury finding that Charles D. Shaver had voluntarily exposed himself to the risk which caused his injuries.

Charles D. Shaver and Norman Paul Manziel, both minors, on November 20, 1958, while driving their separate cars, were racing at a high rate of speed on South Broadway Street in Tyler. Their cars were seen by police, who were several hundred yards in front of them. The police pulled over a small hill and parked their car angling across the street. It is questionable whether or not the car was parked in the middle of the street or to the side. When the boys came over the hill, they saw the police car in front of them, and a policeman was signaling them with a flashlight, commanding them to stop. They immediately applied their brakes. The boys' cars collided, causing the Shaver car to go into a spin and collide with the police car, resulting in injuries to Shaver.

The suit is based on the claim that the accident resulted from Manziel's car swerving into Shaver's car, causing Shaver to lose control of his car and hit the police car. The defendant answered by general denial, and special defenses of contributory negligence and voluntary exposure to risk. The jury convicted Shaver of racing; and, that he voluntarily exposed himself to the risk.

Under the evidence in the case, the boys were speeding in the City of Tyler. This is a case of first impression in Texas. All of the cases on volenti non fit injuria pertain to other matters. Art. 795, Vernon's Ann.Texas P.C. prohibits speeding between motor vehicles. Although, the speeding occurred within the City of Tyler, there is no doubt an ordinance against such speeding. The boys voluntarily entered into the race, and were guilty of violating the criminal laws of Texas and the City of Tyler.

Under the laws of other states, neither speeder is liable for the injuries sustained by the other. Shaver admitted in his testimony that he knew that it was against the law to race, and there was a possibility he might be injured. Our streets and highways were not made nor designed, or maintained, as places for racing automobiles, and those who use them for such purposes do so at their peril. Reader v. Ottis et al., 147 Minn. 335, 180 N.W. 117, 16 A.L.R. 463; McMicken v. Province, 141 W.Va. 273, 90 S.E. 2d 348, 59 A.L.R.2d 470; 1 Tex.Jur. 630, Sec. 23; 1 Tex.Jur.2d 515, Sec. 10: 29 Tex.

**22**

Juris. 54, Sec. 29; 29 Tex.Juris. 68, Sec. 36; 86 C.J.S. Torts § 12, p. 930; 86 C.J.S. Torts § 15, p. 932.

 The appellant takes the position that the doctrine of assumption of risk is applicable in this case. Such a contention is true when there is a contract involved, such as a contract of employment. The defense of assumption of risk is closely associated with the defense of contributory negligence. But where one assumes the risk, voluntarily, contributory negligence does not apply. It comes under the question of duty, and the nearest Texas case that we have on this point is the case of Sinclair Refining Company v. Winder, Tex.Civ.App., 340 S.W.2d 503, wr. ref. There was no duty for the boys to enter into the race in this case.

38 Am.Juris. 847, Sec. 172, provides in part as follows:

"* * * Assumption of risk rests in contract or in the principle expressed by the ancient maxim 'volenti non fit injuria', whereas contributory negligence rests in tort. The former involves a choice made more or less deliberately and negatives liability without reference to the fact that the plaintiff may have acted with due care, whereas the defense of contributory negligence implies the failure of the plaintiff to exercise due care. As stated in some decisions, assumption of risk is a mental state of willingness, whereas contributory negligence is a matter of conduct. * * *"

In 38 Amer.Juris. p. 847, Sec. 173, we find the following:

"* * * The doctrine of assumption of risk in an action between persons not master and servant, or not having relations by contract with each other, is confined to cases where the plaintiff not only knew and appreciated the danger, but voluntarily put himself in the way of it. * * *"

The boys having voluntarily entered into the race, there is no legal liability for the injuries received by either of them. There was no need to submit the issue of proximate cause. The point is overruled.

The judgment of the trial court is affirmed.