**T. E. PARROTT et al., Appellants,**

v.

**Robert GARCIA et al., Appellees.**

No. 6979.

Court of Civil Appeals of Texas.

Beaumont.

May 9, 1968.

Motion for Rehearing Overruled
May 29, 1968.

Alvin Wiggins, Beaumont, for appellants.

Orgain, Bell & Tucker, Beaumont, Keith, Mehaffey & Webber, Beaumont, for appellees.

STEPHENSON, Justice.

This is an action for damages for personal injuries received by plaintiff in an automobile collision. Summary judgment was granted for both defendants. The parties will be referred to here as they were in the trial court.

Plaintiff made the following allegations: That plaintiff was 19 years of age and bringing this action through his father. That plaintiff and both defendants were each driving an automobile in the same direction on Highway 1132 in Vidor. That the defendants were in the act of contesting for speed and crashed into plaintiff while he was preparing to make a left turn onto Railroad Avenue. That among other acts of negligence, each defendant was operating his vehicle in excess of 60 miles per hour, and was contesting for speed in violation of the Penal Code. That the acts of negligence constituted gross negligence. That plaintiff should have the benefit of the discovered peril doctrine.

Defendants each filed a motion for summary judgment and alleged: That plaintiff was a participant as a principal, or, in the alternative, as an accomplice, in a race or contest for speed upon a public highway in

violation of Article 795, Vernon's Ann.Penal Code. That plaintiff voluntarily assumed the risk of being injured by participating in a speed contest. That plaintiff was guilty of contributory negligence proximately causing his injuries.

Plaintiff's first points of error, generally stated, are that the trial court erred because the evidence raised a fact issue as to whether the plaintiff was a participant in the race and as to whether plaintiff was a principal and/or an accomplice to this race in violation of Article 795, Penal Code. Also, that there were questions of fact raised as to whether plaintiff was guilty of contributory negligence or had assumed the risk.

The order granting the motion for summary judgment shows the trial court considered the depositions of all three parties to this suit. Plaintiff made the following admissions in his deposition: That plaintiff had been doing some racing, the last time about a month before this accident. That the night of this accident, plaintiff and some other boys were at a drive-in when they heard a discussion about a race. Plaintiff, accompanied by three other boys, drove his automobile out to the place where the race would take place. There were two races, each to be a quarter of a mile. Plaintiff drove down to the finish line and let one of the boys out of his car to mark the finish line at the quarter point. After the first race, plaintiff turned his car around and the boy he had let out told him they were going to run again. This boy was going to start the second race. (Flag them off.) Plaintiff drove on down the road with the other two boys in his car, ahead of the race contestants. Plaintiff was going to turn to the left past the finish line to get out of the way and watch the second race. Plaintiff saw the lights on the racing automobiles coming toward him, but he thought he had plenty of time to make his turn, when his car was struck by one of the speeding cars. Part of plaintiff's car was still on the pavement at the time it was hit. The night of the accident, plaintiff didn't know whether the place he was turning was within a quarter of a mile or not, although later he was told it was more than a quarter of a mile. That he knew it was more than a quarter of a mile because he had marked it off the first race. Plaintiff knew the cars were behind him, moving toward him. He knew the cars behind him were in a race, and would be traveling at a high rate of speed. That a Ford will do 85 and a Plymouth 90 miles per hour at that distance. Plaintiff knew the racing cars were on both sides of the road. Plaintiff could have continued going straight after seeing the lights of the oncoming cars, instead of turning left. Plaintiff knew it would be dangerous for a car to be ahead on that road with the two boys racing.

■ Plaintiff is conclusively bound by the admissions contained in his deposition. This rule of law is clearly stated by the Supreme Court of Texas in Stanolind Oil & Gas Co. v. State, 136 Tex. 5, 145 S.W.2d 569, as follows:

The authorities hold that where a litigant admits positive and definite facts, which if true would defeat his right to recover, and such statements or admissions are not subsequently modified or explained by him so as to show that he was mistaken, although testifying in good faith, he is conclusively bound by such admissions, and cannot successfully complain if the court directs a verdict against him.

Article 795, Penal Code, reads as follows:

### No racing or contest for speed

No race or contest for speed between motor vehicles of any kind shall be held upon any public highway. Any person violating this article shall be fined not exceeding one hundred dollars.

Article 65, Penal Code, reads as follows:

All persons are principals who are guilty of acting together in the commission of an offense.

Article 66, Penal Code, reads as follows:

When an offense is actually committed by one or more persons, but others are present, and knowing the unlawful intent, aid by acts or encourage by words or gestures, those actually engaged in the commission of the unlawful act, or who, not being actually present, keep watch so as to prevent the interruption of those engaged in committing the offense, such persons so aiding, encouraging or keeping watch are principal offenders.

Article 67, Penal Code, reads as follows:

All persons who shall engage in procuring aid, arms or means of any kind to assist in the commission of an offense, while others are executing the unlawful act, and all persons who endeavor at the time of the commission of the offense to secure the safety or concealment of the offenders are principals.

Article 69, Penal Code, reads as follows:

Any person who advises or agrees to the commission of an offense and who is present when the same is committed is a principal whether he aid or not in the illegal act.

Article 70, Penal Code, reads in part as follows:

An accomplice is one who is not present at the commission of an offense, but who, before the act is done, advises, commands or encourages another to commit the offense; or

\*　　\*　　\*　　\*　　\*　　\*

Who prepares arms or aid of any kind, prior to the commission of an offense, for the purpose of assisting the principal in the execution of the same.

The case, Shaver v. Manziel, 347 S.W.2d 20, is similar to the present case before this court, in that it involved two automobiles involved in a race and an interpretation of Article 795, Penal Code. That court wrote the following:

The boys voluntarily entered into the race, and were guilty of violating the criminal laws of Texas and the City of Tyler.

Under the laws of other states, neither speeder is liable for the injuries sustained by the other. Shaver admitted in his testimony that he knew that it was against the law to race, and there was a possibility he might be injured. Our streets and highways were not made nor designed, or maintained, as places for racing automobiles, and those who use them for such purposes do so at their peril. Reader v. Ottis et al., 147 Minn. 335, 180 N.W. 117, 16 A.L.R. 463; McMicken v. Province, 141 W.Va. 273, 90 S.E.2d 348, 59 A.L.R.2d 470; 1 Tex. Jur. 630, Sec. 23; 1 Tex.Jur.2d 515, Sec. 10; 29 Tex.Juris. 54, Sec. 29; 29 Tex. Juris. 68, Sec. 36; 86 C.J.S. Torts § 12, p. 930; 86 C.J.S. Torts § 15, p. 932.

\*.　　\*　　\*　　\*　　\*　　\*

The boys having voluntarily entered into the race, there is no legal liability for the injuries received by either of them. There was no need to submit the issue of proximate cause. The point is overruled.

■ We hold that under the admissions made by plaintiff, he was a principal under Article 65, Penal Code, in the violation of Article 795, Penal Code. We also hold that plaintiff was an accomplice under Articles 66, 67, 69 and 70, Penal Code, in the violation of Article 795, Penal Code. Under Shaver v. Manziel, supra, there is no legal liability on the part of either defendant.

■ Plaintiff also urges as a point of error that gross negligence and discovered peril on the part of defendant Garcia would exonerate plaintiff of primary negli-

gence. This point is overruled. Ordinary contributory negligence is a defense even though a defendant may be guilty of gross negligence. Schiller v. Rice, 151 Tex. 116, 246 S.W.2d 607. We find no evidence to support a plea of discovered peril, and none is pointed out to us in plaintiff's brief.

Affirmed.