J. EVERETT BROWN, administrator, *vs.* WILLIAM H. THAYER & another.

RICHARD L. CREESY *vs.* GEORGE M. HARRIGAN.

SAME *vs.* WILLIAM H. THAYER.

Norfolk.    March 22, 1912. — June 19, 1912.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DECOURCY, JJ.

*Negligence,* In use of highway, In use of automobile, Causing death. *Law of the Road. Joint Tortfeasors. Practice, Civil,* Parties, Exceptions, New trial.

At the trial together of three actions, one under R. L. c. 171, § 2, as amended by St. 1907, c. 375, against the two owners of two automobiles by the administrator of the estate of a boy who was run into and killed by one of them, and the other two by a boy companion of the intestate of the first plaintiff against the respective owners of the two automobiles, there was evidence that before the accident the boys had been walking upon the extreme right of the travelled part of a highway, that a buggy drawn by a horse was between them and the left hand side of the street and a little in advance of them, when there was sounded the horn of the automobile of one of the defendants which was approaching at high speed from behind and was followed closely by the automobile of the other defendant, that the two automobiles had been racing for some distance and that the driver of the second had been taking no precautions to see whether other travellers were using the way, that the leading automobile at first bore directly down upon the boys and then swerved quickly to the right, passing them, that the boys meantime had become confused by the action of the first automobile and had sprung toward the middle of the highway where they were struck and knocked down and one of them was killed by the second automobile. *Held,* that there was evidence of negligence of the drivers of both automobiles which concurred to cause the injury of one boy and the death of the other; and that it could not be ruled that the law of the road, R. L. c. 54, § 2, relating to a vehicle passing another vehicle from the rear, had no application to the case.

While a separate action may be maintained by an executor or administrator under R. L. c. 171, § 2, as amended by St. 1907, c. 375, against each of several persons

whose negligent acts, otherwise disconnected, concurred to cause the death of the plaintiff's decedent, a single action against the several persons so negligent cannot be maintained.

An administrator in a single action under R. L. c. 171, § 2, as amended by St. 1907, c. 375, improperly joined two defendants whose negligence concurred to cause the death of the plaintiff's intestate. At the trial of the action the presiding judge wrongly refused to rule that the defendants were improperly joined, and there was a verdict for the plaintiff. In sustaining exceptions by the defendants, *it was ordered* that the plaintiff might apply for leave to amend by discontinuing the action against one of the defendants, and, upon a discontinuance being granted, that the new trial should be confined to the question of damages.

THREE ACTIONS OF TORT, the first under R. L. c. 171, § 2, as amended by St. 1907, c. 375, by the administrator of the estate of Richard Brown, against the respective owners of two automobiles jointly for the death of the plaintiff's intestate, alleged to have been caused while he was walking on Gannett Street in Scituate by negligence of the drivers of the automobiles; the second and third actions being brought by a companion of the intestate in the first case against the respective owners of the automobiles for personal injuries alleged to have been caused by such negligence. Writs dated respectively September 18 and October 28, 1909, and November 16, 1910.

In the Superior Court the cases were tried together before *Wait*, J. There was evidence tending to show that the plaintiff Cressy, one George F. Hussy and the intestate of the plaintiff in the first case were companions in the Brookline High School; that Cressy and Hussy had come to North Scituate by the railroad to visit Brown in a cottage at Scituate Beach, and that Brown had met them at the train with his bicycle; that just before the accident the three boys were walking along the extreme right of Gannett Street, pushing the bicycle upon which rested their dress suit cases; that a buggy drawn by a horse was a little in advance of them and between them and the left hand side of the street; that the automobiles of the defendants were approaching from the rear and were racing; that the first warning of their approach was given by the blowing of the horn of the automobile of the defendant Thayer, which was leading; that when the boys heard the horn, they turned and saw the approaching automobiles, that Hussy leaped out of the road to the right, and that Brown and Cressy leaped toward the left, where they were struck by the automobile of the defendant Harrigan, which also struck

and smashed the two rear wheels of the buggy, and, with its emergency brakes set, continued on its course for eighty feet. The automobile of the defendant Thayer in the meantime had passed to the right of Brown and Cressy, merely striking Hussy's bicycle which he dragged with him from the street.

Other facts favorable to the plaintiffs which the evidence warranted the jury in finding are stated in the opinion.

At the close of the evidence both defendants in all of the cases asked for general rulings that on all the evidence the respective plaintiffs could not recover. In the third case the defendant Thayer also asked for the following rulings:

"(3)  The jury cannot find against the defendant unless they find either that his automobile struck the plaintiff or that the negligent management of the automobile caused the plaintiff in the exercise of reasonable care to receive injuries not due to the intervention of other independent agencies.

"(4)  Under the circumstances shown to have existed in this case, a team proceeding along the left-hand side of the road, the fact that a servant of the defendant Thayer passed upon the right of said team is no evidence of negligence.

"(5)  The law of the road as defined in R. L. c. 54 has no application in this case.

"(6)  The defendant had a right in passing the plaintiff to go either to the right or to the left of the travelled part of the way."

In the first case the defendant Thayer asked for the following rulings beside the general rulings above described:

"(2)  The jury cannot find against the defendant Thayer unless they are satisfied by a fair preponderance of the evidence that the negligence of his servant caused the death of the plaintiff's intestate.

"(3)  If the jury find that the negligence of the servant of the defendant Thayer caused the death of the plaintiff's intestate, the jury must assess damages according to the degree of culpability of said servant.

"(4)  If the jury find that the death of the plaintiff's intestate was caused by the joint negligence of the two defendants, then the damage awarded against the defendant Thayer must be according to the degree of the culpability of the servant of said defendant Thayer."

The defendant Harrigan requested the following ruling in the first case beside the general ruling above described:

" (5)    The court instructs the jury that the defendants are improperly joined in this action and the plaintiff cannot maintain his action in this form so as to recover against the defendant Harrigan."

The jury found for the plaintiff in the first case in the sum of $8,000; and for the plaintiff in each of the other two cases in the sum of $12,500; and the defendants alleged exceptions.

*F. B. Kendall*, for the defendant Thayer.

*M. O. Garner*, for the defendant Harrigan, submitted a brief.

*F. E. Bradbury*, for the plaintiff Brown.

*A. T. Smith*, (*C. W. Bartlett* with him,) for the plaintiff Creesy.

BRALEY, J.    The plaintiff's intestate, and the plaintiff Creesy, were travelling on foot over a public way, and nearly parallel with them a carriage with two occupants was going in the same direction. At the time of the accident the pedestrians were on the extreme right, with the carriage slightly in advance intervening between them and the left side of the street.    In their rear the automobiles of the defendants in the control and management of their respective servants were approaching intending as shown by the event to pass the team in the ordinary course of travel.    The law of the road as defined in the R. L. c. 54, requires the driver of a carriage or other vehicle travelling in the same direction to pass the carriage ahead by driving to the left of the middle of the travelled part of the way, and if this requirement, as the presiding judge correctly told the jury, was inapplicable to pedestrians, it did apply to the team, and the automobiles of the defendants were vehicles within the meaning of the statute. *Lynch* v. *Fisk Rubber Co.* 209 Mass. 16, 17, and cases cited.    It could not have been ruled as the defendants requested, that the law of the road had no application, for the jury were to decide whether the attempt to pass on the right of the team contrary to the statute was prudent under the circumstances. *Bourne* v. *Whitman*, 209 Mass. 155, 163.    The duty of exercising ordinary care to avoid injury to the group of travellers whom the jury could have found were in plain sight for at least four hundred feet before they were reached, rested upon the drivers, for whose negligent conduct the defendants are responsible.    The proper discharge of this duty depended upon the conditions by

which they were confronted, and the judge did not err when with not undue elaboration he instructed the jury, that in passing upon the question they might consider the powerful agencies placed under their control, and the disastrous consequences to other travellers if there was mismanagement. *Nelson* v. *Old Colony Street Railway*, 208 Mass. 159, 161, 162, and cases cited. It was peculiarly a question for the judgment of the jury familiar from observation, and possibly from experience with this mode of travel. What might be due care in the management of a horse and carriage jogging along a country road, affords no standard for the measurement of the prudence of the driver of a motor car running over the same road at high speed.

The evidence descriptive of the circumstances of the collision cannot be reconciled, but after the plaintiffs have obtained a verdict the inferences from the testimony most favorable to them are to be considered in deciding the question of the liability of the defendants. *Bagley* v. *Wonderland Co.* 205 Mass. 238, 243. As the cars came up to pass the team the jury would have been warranted in finding, that the car of the defendant Thayer turned to the right while the car of the defendant Harrigan turned to the left. The width of the roadway was insufficient to permit the car on the right to pass, and its horn was not sounded until the car came almost upon the plaintiff Creesy and the intestate. It then swerved to the left bearing down directly upon them, and then moved quickly to the right. The jury could have found that being thus beset, and to escape from jeopardy, they were instantaneously forced over into the middle of the road, and in front of the car passing on the left, which gave no warning of its approach, when simultaneously both were struck and thrown to the ground, where this car passed over them instantly killing the intestate and seriously injuring Creesy. But the jury had further evidence before them which goes far to explain the extraordinary nature of the casualty as well as the inexcusable negligence of the defendants. It appeared from witnesses whose credibility and opportunity for observation were for the jury, and whose evidence as to the rate of speed at different points along the way was clearly competent and admissible, that for some distance the drivers had engaged in a trial of speed with varying success, and as they approached the team the Thayer car was leading followed closely by the Harrigan

car.   *Carroll* v. *Boston Elevated Railway*, 200 Mass. 527, 533.
*Thomson* v. *Pentecost*, 206 Mass. 505, 510.   *Commonwealth* v.
*Brayman,* 136 Mass. 438.   *Parker* v. *Boston & Hingham Steamboat Co.*
109 Mass. 449, 451.   The driver of this second car admitted that he
took no precautions to ascertain whether other travellers were using
the way, and when the automobiles came up to go by but were
parted and deflected by the position of the team, the jury well might
have been satisfied, that each car had attained such velocity as to
threaten instant disaster to all who were in its path.   Or if put
more briefly, the evidence must have convinced the jury, that the
casualty sprang from an indifference on the part of each driver to
the safety of other travellers, amounting to a wanton disregard of
their rights.   Our public ways are not designed or maintained as
thoroughfares for racing automobiles, and those who use them for
this purpose do so at their peril.   *Horsman* v. *Brockton & Ply-
mouth Street Railway*, 205 Mass. 519, 520.   It also is manifest that
the jury could have found, that if the driver of the Thayer car had
driven to the left of the team, or had driven at reasonable speed,
or if the driver of the Harrigan car had exercised ordinary care,
the accident might have been prevented.   *Hennessey* v. *Taylor*,
189 Mass. 583, and cases cited; *McCrohan* v. *Davison*, 187 Mass.
466, and cases cited.

The principle is settled by our decisions, that where two or more
tortfeasors by concurrent acts of negligence which although dis-
connected yet in combination inflict injury, the plaintiff may sue
them jointly or severally, although he can have but one satis-
faction in damages.   *Feneff* v. *Boston & Maine Railroad*, 196
Mass. 575.   If each contributes to the wrong as in the case at bar,
the proximate cause is the wrongful act in which they concurrently
participate, whether the result causes instantaneous death, or
injuries which the sufferer survives.   *D'Almeida* v. *Boston & Maine
Railroad*, 209 Mass. 81, 87.   *Oulighan* v. *Butler*, 189 Mass. 287,
293.   *Doe* v. *Boston & Worcester Street Railway*, 195 Mass. 168,
171.   *Feneff* v. *Boston & Maine Railroad*, 196 Mass. 575.

The requests of the defendants, with an exception presently to
be noticed, in so far as they were not covered by the charge were
rightly refused, and the instructions were unexceptionable.

But the first action is brought under the R. L. c. 171, § 2, as
amended by the St. of 1907, c. 375, "If a person or corporation by

his or its negligence, or by the negligence of his or its agents or servants while engaged in his or its business, causes the death of a person who is in the exercise of due care and not in his or its employment or service, he or it shall be liable in damages in the sum of not less than five hundred nor more than ten thousand dollars to be assessed with reference to the degree of his or its culpability or of that of his or its agents or servants, to be recovered in an action of tort, commenced within two years after the injury which caused the death, by the executor or administrator of the deceased, one-half thereof to the use of the widow and one-half to the use of the children of the deceased; or, if there are no children, the whole to the use of the widow; or, if there is no widow, the whole to the use of the next of kin." Recovery for death caused by wrongful act was unknown to the common law. *Carey* v. *Berkshire Railroad,* 1 Cush. 475. Formerly in this Commonwealth loss of life of a passenger or of a person who was not a passenger or in the employ of the corporation, if caused by the negligence of the carrier or by the unfitness or gross negligence of its servants or agents while engaged in its business was punishable by a fine limited to a minimum or maximum amount to be recovered by indictment to the use of the widow and children of the deceased in certain proportions, or if there were no children the widow received the whole, and if neither widow nor children survived him the penalty went to his next of kin. By subsequent legislation the provision has been supplemented by the addition of an action of tort and the liability extended to persons and corporations who are not carriers of passengers. St. 1840, c. 80. St. 1853, c. 414. Gen. Sts. c. 63, §§ 97, 98; c. 160, § 34. St. 1874, c. 372, § 163. St. 1881, c. 199. Pub. Sts. c. 112, § 212; c. 73, § 6. St. 1897, c. 416. St. 1898, c. 565. R. L. c. 111, § 267; c. 171, § 2. St. 1906, c. 463, Part I, § 63. St. 1907, c. 392. *Commonwealth* v. *Boston & Maine Railroad,* 133 Mass. 383. *Kelley* v. *Boston & Maine Railroad,* 135 Mass. 448. *Brooks* v. *Fitchburg & Leominster Street Railway,* 200 Mass. 8, where the statutes relating to street railways are collated. The development of our legislation, and many of the decisions are reviewed by Loring, J., in *Hudson* v. *Lynn & Boston Railroad,* 185 Mass. 510. And if the more recent legislation seems to indicate a tendency to assimilate the remedy to an action of tort for negligence where the injury does not result in death, yet

the statute on which the present action is based still recognizes the punitive nature of the civil remedy by requiring the assessment of damages to be "with reference to the degree of . . . culpability" either of the employer or of his employee through whose negligence the death of a person has been wrongfully caused. *Grella* v. *Lewis Wharf Co.* 211 Mass. 54. St. 1911, c. 31. The statute may be designated as remedial for the reason that a remedy is provided where before its enactment none existed. But the damages assessed are distinctly grounded upon the defendant's culpable misconduct and are diminished or enhanced according to the degree of his delinquency. See *Commonwealth* v. *Boston & Albany Railroad,* 121 Mass. 36; *Brooks* v. *Fitchburg & Leominster Street Railway,* 200 Mass. 8; *Renaud* v. *New York, New Haven, & Hartford Railroad,* 210 Mass. 553.

The wrong in the case at bar remains joint, but because of the statute the damages must be assessed severally with separate verdicts and judgments. *D'Almeida* v. *Boston & Maine Railroad,* 209 Mass. 81, 87. It may be difficult for a jury where the wrongful acts although joint do not result from a concerted purpose to ascertain the degree of blame, and assess damages according to the culpability of each; yet the right of action is created by statute, and this requirement cannot be ignored. *Oulighan* v. *Butler,* 189 Mass. 287, 295. The plaintiff should have brought separate actions as was done in *D'Almeida* v. *Boston & Maine Railroad,* and *D'Almeida* v. *Boott Mills,* 209 Mass. 81. In *Oulighan* v. *Butler, supra,* which the plaintiff contends supports the present procedure, the action it is true had been commenced against four defendants jointly, but at the close of the evidence the plaintiff was required to elect which one of their number he would hold responsible, and having made the election, the difficulty was obviated. Where the action is on a joint contract the R. L. c. 177, § 6, provide for separate judgments if the defendants are not found jointly liable. *Taft* v. *Church,* 164 Mass. 504. But there are no provisions for separate judgments in actions of tort even if death has been caused by the concurrent acts of wrongdoers who have been joined in one suit. *Cameron* v. *Kanrich,* 201 Mass. 451, 452. See St. 1905, c. 266.

The plaintiff, whose intestate upon the evidence very plainly was not in the employment or service of either defendant, should have been required before the arguments to the jury to elect as

to the defendant against whom he would proceed, and the attention of the judge having been directed to the distinction he should have ruled as requested, that the plaintiff could not recover damages to be assessed against both defendants, as under the statute the action could not be maintained against them jointly.

The result is, that in the last two cases the exceptions should be overruled, but in the first case the exceptions must be sustained, and the verdict set aside. The plaintiff, however, is not remediless; he can apply to the Superior Court for leave to amend by discontinuing against one of the defendants, and upon a discontinuance being granted, the new trial is to be confined to damages only. *De Forge* v. *New York, New Haven, & Hartford Railroad,* 178 Mass. 59, 64. *Whipple* v. *Rich,* 180 Mass. 477, 480.

*So ordered.*