ANNA V. DE CARVALHO et al., as Executors of LUIZ
DE C. CARVALHO, Deceased, Appellants, v. OSCAR C.
BRUNNER, Defendant, and EDWARD L. JOHNSTON et
al., Copartners under the Firm Name of E. L. JOHNSTON
& Co., Respondents.

**Negligence — action for death of pedestrian run over and
killed by one of two trucks racing in street — joint and several
liability of owners of the trucks — erroneous reversal of judg-
ment against one of truck owners on ground that death of
plaintiff's intestate was not caused by his truck.**

1. Where two or more are unlawfully or negligently racing on a
street and one injures a traveler, they are jointly and severally liable.

2. Where plaintiffs' intestate was run over and killed by one of
two trucks racing at a high rate of speed in a public street, and
·plaintiffs recovered a judgment against the owners of both trucks,
but the owner of the truck which killed plaintiffs' intestate did not
appeal, it was error for the Appellate Division to reverse the judgment
and dismiss the complaint against the other truck owners on the
ground that there was no evidence to show that the truck owned
by them in any way contributed to the accident. It was for the
jury to say, from all of the circumstances, whether the fast driving
of the defendants' servants was such as to endanger the safety of
foot passengers in the street, and whether it was an act done in
concert, and if the jury found in the affirmative it was authorized to
hold all of the defendants liable, and since there was some evi-
dence to sustain the judgment, the complaint should not have been
dismissed.

*De Carvalho* v. *Brunner*, 171 App. Div. 938, reversed.

(Argued March 20, 1918; decided April 23, 1918.)

APPEAL from a judgment, entered January 19, 1916,
upon an order of the Appellate Division of the Supreme
Court in the first judicial department, reversing a judg-
ment in favor of plaintiffs entered upon a verdict and
directing a dismissal of the complaint as to the defendants,
respondents.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Wayne M. Musgrave* for appellants. The facts clearly show that up to and following the instant when the plaintiffs' testator was struck, the race continued; that the speed was illegal; and that the streets were used by both of the defendants in violation of the law. It is true that one struck and killed plaintiffs' testator and that the other did not; but by his continuing to race, by holding the position in the center of the street and by continuing to press for advantage, he contributed as much to the common damage as if he had in fact struck plaintiffs' testator. (*Scott* v. *Shepard*, 3 Wils. 403; *Guille* v. *Swan*, 19 Johns. 389; *Low* v. *Mumford*, 14 Johns. 426; *Rappaport* v. *Werner*, 34 App. Div. 525; *O'Shea* v. *Kirker*, 8 Abb. Pr. 69; *Sternfels* v. *M. S. Ry. Co.*, 73 App. Div. 494; 174 N. Y. 512; *Colgrove* v. *N. Y. & N. H. R. R. Co.*, 20 N. Y. 492; *Williams* v. *Sheldon*, 10 Wend. 654; *Green* v. *Davies*, 182 N. Y. 499; Cooley on Torts [2d ed.], 133.)

*Lyman A. Spalding* and *John H. Jackson* for respondents. The evidence does not permit the inference that the vehicle of Johnston & Company ran, swerved or turned towards the horses and the truck of the defendant Brunner in such a manner as to cause Brunner's vehicle to turn towards the easterly curb of Water street, and the complaint was, therefore, properly dismissed by the Appellate Division. (*Capell* v. *N. Y. Transp. Co.*, 150 App. Div. 723; *Stevenson* v. *S. A. R. R. Co.*, 35 App. Div. 474; *Craig* v. *L. & R. Powder Co.*, 55 App. Div. 4.) No causal connection was shown between the accident to the deceased and the presence of the horses and wagon of E. L. Johnston & Company. (*M. S. Ry. Co.* v. *Kellogg*, 94 U. S. 469; *Trapp* v. *McCullan*, 68 App.

Div. 362; *Laidlaw* v. *Sage*, 158 N. Y. 73; *Leeds* v. *N. Y. Tel. Co.*, 178 N. Y. 118.)

CUDDEBACK, J. The plaintiffs in this action seek to recover damages for the death of Luiz da Cunha Carvalho who was struck and killed by a truck owned by the defendant Brunner. The accident happened at about noon April 25, 1911, on Water street near the corner of Wall street in the city of New York.

The truck owned by Brunner was a one-horse truck and was going north in Water street. At the same time a two-horse truck owned by the defendants E. J. Johnston & Co. was also going north in Water street. When about 175 feet south of Wall street the drivers of the two trucks began to race. The defendants' two-horse truck was on the right or east side of the street near the curb, while the one-horse truck was to the left near the middle of the street. The trucks were going, as one of the witnesses said, at about the same rate of speed as an ambulance or fire engine " responding to an emergency call." Water street near Wall street is about 20 feet wide between curb lines and is a busy street. An ordinance of the city at the time in force prescribed that no person in charge of any vehicle on a city street shall drive at a greater speed than is reasonable, having regard to the traffic and use of the highways or so as to endanger the life or limb of any person.

As they proceeded the one-horse truck gained on the two-horse truck and passed over in front of it at Wall street and then went north near the easterly curb. The two-horse truck drew off to the left and passed north near the middle of the street. At that time the hubs of the trucks were about a foot apart.

When they were about 15 feet north of Wall street the one-horse truck struck the plaintiffs' testator, who was crossing the street, and killed him.

At the Trial Term a verdict of $10,000 was rendered against all the defendants. The defendants Johnston & Co. appealed to the Appellate Division, but the defendant Brunner did not appeal. The Appellate Division reversed the judgment and dismissed the complaint as against the defendants Johnston & Co. The appeal here is by the plaintiffs from so much of the judgment as was reversed at the Appellate Division.

The Appellate Division said that there was no evidence to show that the truck owned by Johnston & Co. in any way contributed to the accident.

In Cooley on Torts (Vol. 1 [3d ed.], p. 249) the author, speaking of the liability of joint wrongdoers, said: " Where two or more are unlawfully or negligently racing horses on a street and one injures a traveler, they are jointly and severally liable."

It was for the jury to say, from all the circumstances in the case, whether the fast driving of the defendants' servants was of such character as to endanger the safety of foot passengers in the street, and whether it was an act done in concert, and if the jury found in the affirmative, it was authorized to hold all the defendants liable. (*Hanrahan* v. *Cochran,* 12 App. Div. 91; *Burnham* v. *Butler,* 31 N. Y. 480; *Vosburgh* v. *Moak,* 1 Cush. 453.) In that view of the case there certainly was some evidence to sustain the judgment of the Trial Term, and the complaint should not have been dismissed.

I recommend that the judgment appealed from be reversed, and a new trial granted, with costs to abide the event.

Hiscock, Ch. J., Chase, Collin, Hogan and Crane, JJ., concur; McLaughlin, J., not sitting.

Judgment reversed, etc.