## SAISA v. LILJA.

### No. 2962.

Circuit Court of Appeals, First Circuit.

March 9, 1935.

Hubert C. Thompson, of Boston, Mass., for appellant.

Herman Loewenberg, of Boston, Mass. (Charles M. Lerer, of Boston, Mass., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

MORTON, Circuit Judge.

This was an action under the Massachusetts statute to recover damages for negligently causing death. There was a verdict for the plaintiff, administrator of the person killed, and the defendant has appealed. We shall refer to the parties, plaintiff and defendant, as they appeared in the lower court.

From the evidence submitted, the jury would have been warranted in finding that the defendant and one Keefe, being together at a gas station with their automobiles outside, agreed to race their cars over the public highway from Maynard, Mass., to West Concord, Mass., and back, a distance of six or seven miles; that this agreement was made at about 9.30 p. m. on May 24, 1933, and the two men immediately went out and started the race; that, after having made the turn at West Concord and while on his way back, Keefe, driving at high speed, struck and killed the plaintiff's intestate who was walking with two friends along the side of the road; that the accident was due to the immoderate speed and careless driving of Keefe.

The defendant testified that he was not in the vicinity of the accident at the time when it occurred; that he had abandoned the race some time before, and his car was not near Keefe's at that time and did not in any way cause Keefe to hit the deceased. There was evidence from other witnesses in support of his statements. But there was also testimony of contrary character, indicating that at the time of the accident, the defendant was actively racing with Keefe, and that his car was in the general vicinity of Keefe's car, although not close to it. There was no evidence, and no contention, that the defendant's car struck the deceased, nor that immediate pressure of the defendant's car on Keefe's car caused the accident.

The District Judge left the case to the jury on the questions whether the death was caused by Keefe's negligence, and, if so, whether that negligence was in any degree attributable to the agreement to race made between him and the defendant; and on the further question whether, if they found that Keefe was negligent and his negligence was in part at least attributable to his agreement with the defendant, the latter's connection with the affair amounted to negligence on his part and was a proximate cause of the accident. The verdict shows that all these questions were answered in favor of the plaintiff. The question as to the defendant's negligence was made necessary by the provisions of the Massachusetts statute under which damages for negligently. causing death are assessed as a penalty according to the degree of culpability. Mass. Gen. Laws (Ter. Ed.) c. 229, § 5; Brown v. Thayer, 212 Mass. 392, 99 N. E. 237. At common law no such question would be involved, both the defendant and Keefe being regarded as joint tort-feasors, or as persons engaged in an illegal act. De Carvalho v. Brunner, 223 N. Y. 284, 119 N. E. 563.

It is clear that the defendant was not entitled to a directed verdict. The only question of law sufficiently doubtful to call for discussion is that presented by the defendant's request for a ruling that if he had in fact abandoned the race before the accident, he was not responsible for Keefe's action. The District Judge instructed the jury in substance that if the defendant and Keefe engaged in a race as stated, and Keefe at a time when he did not know that the defendant had withdrawn and supposed that the race was still on, negligently struck the intestate, the defendant would be liable if the jury regarded his connection with the accident as negligence. In our opinion the ruling was right. The race itself was a joint enterprise in which each racer was a participant, although "because of the statute the damages must be assessed severally, with separate verdicts and judgments." Braley, J., Brown v. Thayer, 212 Mass. 392, 99 N. E. 237, 240. As against persons legitimately using the highway and entitled to the rights of travelers on it, the defendant and Keefe were engaged in a joint tort, in the prosecution of which each was responsible for the acts of the other. Rose v. Gypsum City, 104 Kan. 412, 179 P. 348; Hanrahan v. Cochran, 12 App. Div. 91, 42 N. Y. S. 1031. This responsibility lasted as long as either continued to act under the agreement for the race, without knowledge of its abandonment by the other, and within the scope of it. Slate v. Allen, 47 Conn. 121; Commonwealth v. Devereaux, 256 Mass. 387, 395, 152 N. E. 380.

The defendant's other requests for rulings were properly refused.

The judgment of the District Court is affirmed, with costs.