OLIVER W. NELSON, administrator, vs. DAVID NASON.

Worcester.  September 25, 1961. — November 20, 1961.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE,
& KIRK, JJ.

*Negligence*, Motor vehicle.  *Proximate Cause.  Motor Vehicle*, Racing.

Evidence warranted findings that the operators of two motor vehicles
engaged in racing at high speed on a highway and that an ensuing col-
lision on a curve between the vehicle operated by one of the racers and
a third motor vehicle going in the opposite direction was due to negli-
gence of the other racer.

TORT.  Writ in the Central District Court of Worcester
dated December 7, 1957.

Upon removal to the Superior Court the action was tried
before *Constantino, J.*, a District Court judge sitting under
statutory authority.  There was a verdict for the plaintiff
and the defendant alleged exceptions.

*Richard G. Crotty*, for the defendant.
*John W. Fellows*, for the plaintiff.

WHITTEMORE, J.  It was not error to deny the defend-
ant's motion for a directed verdict.  The issue is whether
the defendant's negligent conduct in the operation of a
pickup truck could have been found to be a contributing
cause of the collision between another truck, operated by
Eric Scott, and a convertible driven by Nason's friend
Ronald Perham, in which a mutual friend, the plaintiff's
intestate, Oliver W. Nelson, Junior, was a passenger, which
resulted in the immediate death of Perham and Nelson.

Direct testimony, and reasonable inferences therefrom,
warranted the finding of these facts: On the morning of
December 7, 1956, in Lincoln Plaza, Worcester, Nason (six-
teen years of age), and Nelson left the school bus which had
brought them from Boylston and got into Perham's car to
drive back to Boylston.  The three were "going to play

Nelson *v.* Nason.

hookey" from school; Perham was to drive Nason to the point in Boylston Center at which he had left his father's truck; Nason was to drive the truck to Clinton to be repaired; Perham was to bring Nason home from Clinton. Dropping Nason near the truck as planned, Perham, with Nelson beside him, drove toward Clinton on Route 70; Nason followed in the truck. At Green's Orchard on Route 70, a mile or two from the point of collision, on a straight stretch of road, the convertible and the truck overtook and passed another automobile, driven by John J. Durkin, Junior, which was traveling at about fifty miles an hour. The speed of the overtaking cars was seventy or seventy-five miles an hour and the front bumper of Nason's truck was about a foot from the rear bumper of the convertible. The road between Green's Orchard and the point of collision was winding and hilly and its surface was wet. Just before the collision, which occurred at a curve, Nason's pickup truck, traveling about sixty miles an hour, passed Scott's truck, which was traveling in the opposite direction at about thirty-five miles an hour. Nason, coming "onto the straightaway . . . seemed to be fighting for control." As Scott entered the curve about four hundred feet farther along he saw the Perham car coming toward him at a speed of over seventy miles an hour and at about that instant "it seemed out of control and came into collision" with Scott's truck. Durkin arrived at the scene of the accident within a minute and a half or two minutes after Perham and Nason had passed him at Green's Orchard. Nason denied racing, agreeing to race, betting on first arrival, or traveling at more than fifty miles an hour. He testified to overtaking Perham's car and another automobile at Green's Orchard.

Persons who race automobiles on highways are liable in negligence for injuries to others caused by one of them. *Brown* v. *Thayer,* 212 Mass. 392, 397. *Saisa* v. *Lilja,* 76 F. 2d 380 (1st Cir.). *Carney* v. *DeWees,* 136 Conn. 256, 262–263. *Landers* v. *French's Ice Cream Co.* 98 Ga. App. 317, 322. *Reader* v. *Ottis,* 147 Minn. 335. *Jones* v. *Northwestern Auto Supply Co.* 93 Mont. 224, 227–232. *Hanra-*

*han* v. *Cochran,* 12 App. Div. (N. Y.) 91, 95. *Boykin* v. *Bennett,* 253 N. C. 725, 731–732.

Direct testimony of an agreement to race was not required. "For harm resulting to a third person from the tortious conduct of another, a person is liable if he . . . (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other . . . ." Restatement: Torts, § 876. It was reasonable for the jury to infer that Nason's reckless close pursuit culminating in his passing Perham (at an unobserved but necessarily high speed) was a cause of Perham's excessive speed within the following moments up to the time of collision. There was evidence of challenge and response in the speed and relative positions of the two automobiles. *Brown* v. *Thayer,* 212 Mass. 392, 396. *Jones* v. *Northwestern Auto Supply Co.* 93 Mont. 224, 227–228, 230. See *Smith* v. *Neibauer Bus Co.* 328 Mass. 624, and cases cited; *Rowe* v. *Gibson,* 309 S. W. 2d 173, 174–175 (Ky.).

The negligence of the defendant is patent apart from G. L. c. 90, § 24 (2) (a), which imposes a penalty for operating "upon any way or in any place to which the public has a right of access . . . a motor vehicle . . . upon a bet or wager or in a race."

The defendant has not argued his evidential exceptions.

*Exceptions overruled.*