## Kump v. Weikert

*Brown, Swope & MacPhail,* for plaintiff.

*Donald G. Oyler,* for defendant.

SHEELY, P. J., June 5, 1962.—This matter is before the court on preliminary objections in the nature of a demurrer to plaintiff's complaint on behalf of Tom Kump, one of the defendants.

In her complaint, plaintiff alleges that on May 2, 1961, at about 9:30 a.m. (D.S.T.), she was operating a vehicle in a westerly direction on old Route 30. At the same time, each of the defendants was operating a vehicle in an easterly direction, and they were engaged in a race or speed contest. Weikert was attempting to pass the vehicle operated by Tom Kump, and Kump accelerated his vehicle to prevent Weikert from passing him. Weikert drove his vehicle into the westbound lane of traffic and collided with plaintiff's vehicle causing injuries and damage to plaintiff. The alleged negligence on the part of Kump was engaging in a speed

contest in violation of section 1041 of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1041; driving at a speed of 90 to 100 miles per hour; accelerating his vehicle to prevent Weikert from passing him in violation of section 1009 of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1009, and doing these acts when he should have known he was creating a hazardous situation to any person who might be lawfully driving on the highway at the time and place.

The precise question raised by the demurrer is whether a person engaged in a speed contest with another may be liable in damages to a person injured when the other vehicle comes into contact with a vehicle proceeding in the opposite direction, and his own vehicle does not come into contact with either of the other vehicles. The question is really one of proximate cause for the accident, as there can be no doubt that plaintiff has sufficiently alleged negligence on the part of both defendants.

Defendant relies upon the language of the Supreme Court in its opinion in Commonwealth v. Root, 403 Pa. 571 (1961), which was an appeal from a conviction of involuntary manslaughter. In that case, the deceased and defendant were racing at speeds of 70 to 80 miles per hour; at the time of the accident, defendant was in the lead and was proceeding in his right-hand lane of traffic; deceased, in an attempt to pass defendant's automobile when a truck was approaching from the opposite direction, swerved his car to the left, crossed the highway's white dividing line and drove his automobile on the wrong side of the highway head-on into the oncoming truck with resultant fatal effect to himself. The holding of the Supreme Court was that "the tort liability concept of proximate cause has no proper place in prosecutions for criminal homicide and more direct causal connection is required for conviction," and that, in that case, defendant's reckless conduct

was not a sufficiently direct cause of the competing driver's death to make him criminally liable therefor.

Defendant does not contend that this ruling in a criminal case applies to the present civil action asserting a tort liability. He relies primarily upon two statements made in the opinion of the Supreme Court and the reasoning applied to them. At page 578, the court said:

"Even if the tort liability concept of proximate cause were to be deemed applicable, the defendant's conviction of involuntary manslaughter in the instant case could not be sustained under the evidence. The operative effect of a supervening cause would have to be taken into consideration."

And on page 579, the court said:

"Under the uncontradicted evidence in this case, the conduct of the defendant was not the proximate cause of the decedent's death as a matter of law."

Both of these statements are, of course, obiter dicta, since they did not enter into the conclusion reached in that case and, while entitled to great respect, they are not binding upon the courts.

The demurrer in this case could be dismissed on the allegation of the complaint that Kump accelerated his vehicle to prevent Weikert from passing him, a factor not present in the Root case, and which would be a direct violation of section 1009 of The Vehicle Code, which prohibits the driver of a vehicle about to be overtaken and passed by another vehicle from increasing the speed of his vehicle until completely passed by the overtaking vehicle. We prefer, however, to base our conclusion on a broader principle.

In construing the statements of the Supreme Court in the Root case, it must be remembered that, in that case, the injured party was the operator of one of the racing cars and was engaged in attempting to overtake defendant's car. The court held that decedent's own

negligence in swerving his car to the left in the face of oncoming traffic and with full knowledge of the speed of defendant's car, was the sole proximate cause of his own death and superseded the negligence of defendant. Had a person other than the operator of the overtaking vehicle been injured, a different problem would have been presented.

The rule is well established that even though the damage is immediately inflicted by another car, the negligence of a driver may be a proximate cause of the damage so as to impose liability on him or his employer, and where there is a community of negligent action which produces a result, both operators are liable: Smith v. Yellow Cab Co., 285 Pa. 229 (1926). The rule is sometimes stated:

"Where two or more tort-feasors, by concurrent acts of negligence which, although disconnected, yet, in combination, inflict injury, all are liable."

In the present case, there was more than disconnected concurrent acts of negligence on the part of the two defendants. They were engaged in the unlawful and negligent act of racing which could not be accomplished without the joint action of both of them. Had it not been for Kump's speeding vehicle in the right lane of traffic, Weikert would not have been speeding in the left lane or could have returned to the right lane when he saw plaintiff's vehicle approaching in the opposite direction. It required the negligent acts of both defendants to bring about plaintiff's injuries.

The rule announced in Kline v. Moyer and Albert, 325 Pa. 357, 364 (1937), that "where a second actor has become aware of the existence of a potential danger created by the negligence of an original tort-feasor, and thereafter, by an independent act of negligence, brings about an accident, the first tort-feasor is relieved of liability, because the condition created by him was merely a circumstance of the accident and not its

proximate cause" does not apply in this case, because there was no potential danger created by an original tort feasor and no independent act of negligence on the part of a second actor who had become aware of such potential danger and which brought about the accident. It was the concurring acts of both parties which produced the harm.

In 1 Cooley on Torts (4th ed.), page 283, it is said:

"Where two or more are unlawfully or negligently racing horses on a street and one injures a traveler, they are all jointly and severally liable."

In 60 C.J.S. Motor Vehicles, §297, page 702, it is said:

"Racing motor vehicles on a public highway is negligence, and all those who engage in a race do so at their peril, and are liable for an injury sustained by a third person as a result thereof, regardless of which of the racing cars actually inflicted the injury, or of the fact that the injured person was a passenger in one of the cars."

And in 5A Am. Jur., Automobiles and Highway Traffic, §289, it is said:

"Such racing is an act of negligence which makes the parties thereto responsible for injuries resulting to others therefrom and they may be jointly liable."

This is the rule of other jurisdictions and is the rule in Pennsylvania. In Reader v. Ottis, 147 Minn. 335, 180 N. W. 117, 16 A. L. R. 463 (1920), plaintiff was riding in a Buick which engaged in a race with a Packard. The Buick ran off the road at a curve; plaintiff was injured and thereafter sued the operators and owners of both cars. The court held it was for the jury to say whether the parties were negligent and "whether the same was done in concert. If the jury should find in the affirmative on those issues, then it would be authorized to hold the respondents liable . . ." The court further said: "Our highways are not designed

or maintained as places for racing automobiles, and those who use them for such purposes do so at their peril." To the same effect, see DeCarvalho v. Brunner, 223 N. Y. 284, 119 N. E. 563 (1918).

Brown v. Thayer, 212 Mass. 392, 99 N. E. 237 (1912), was a racing case in which a pedestrian was injured. The court said (page 397):

"The principle is settled by our decisions, that where two or more tort feasors by concurrent acts of negligence which although disconnected yet in combination inflict injury, the plaintiff may sue them jointly or severally . . . If each contributes to the wrong as in the case at bar, the proximate cause is the wrongful act in which they concurrently participate . . ." A similar case was Oppenheimer v. Linkous Admx., 159 Va. 250, 165 S. E. 385 (1932). The court there upheld a verdict against both defendants, quoting 1 Cooley on Torts, supra.

In Landers v. French's Ice Cream Company, 98 Ga. App. 317, 106 S. E. 2d 325 (1958), two cars, which were racing on a street, came upon an ice cream truck parked four feet from the curb, leaving a space too narrow for both cars to pass. The car on the left proceeded ahead while the car on the right attempted to pass through the four-foot space where it struck a child standing by the curb. The operator of the car on the left contended that he had passed the point of impact before the other automobile struck plaintiff and that, therefore, no cause of action was set forth against him. The court disagreed, citing 60 C. J. S. Motor Vehicles, §297, page 702, supra.

In Hitchins v. Wilson, 68 Pa. Superior Ct. 366 (1917), two cars approached an intersection at right angles in plain view of each other. Neither slowed or stopped, but in the intersection they turned, one to the left and the other to the right. A pedestrian in the intersection was injured by one of the cars. The court

held both parties liable, saying: "While there was no community of thought between the two defendants prior to making their respective turns, it was their community of action which produced the result . . . " The court also said: " . . . taking the testimony as a whole it is free from doubt that it required the joint act of these defendants to bring about the plaintiff's injuries."

According to the allegations of the complaint in this case, the two defendants were racing. The injuries to plaintiff were, therefore, the result of their concerted action and joint negligence, and it required the joint act of both to bring about the harm. It is not a case of an independent act of negligence on the part of one defendant after he had become aware of a dangerous situation created by the negligence of the other defendant, and the rule of supervening cause would not be applicable. If plaintiff can sustain the allegations of her complaint, both of the defendants, and each of them, would be liable.

And now, June 5, 1962, the preliminary objections in the nature of a demurrer are overruled. Defendant, Tom Kump, is allowed 20 days in which to file an answer to the complaint if he so desires. An exception to this order is noted on behalf of the defendant, Tom Kump.