JOHN ORSZULAK & another *vs.* RICHARD BUJNEVICIE.

Hampshire. November 7, 1968. — January 6, 1969.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Motor Vehicle*, Racing. *Negligence*, Motor vehicle.

Evidence in an action warranted a finding that the operator of an automobile in which the plaintiff was a passenger and the defendant, the operator of a second automobile, were racing when both automobiles made the same turn into a street, the speed of the defendant's automobile increased, and the automobile in which the plaintiff was a passenger passed it at an excessive speed and crashed into a tree, and the defendant was liable for injuries sustained by the plaintiff in the accident.

TORT. Writ in the Superior Court dated May 13, 1964.

The action was tried before *DeSaulnier*, J.

*Socrates Geanacopoulos* for the plaintiffs.

*Philip A. Brooks* for the defendant.

SPIEGEL, J. This is an action of tort for personal injuries sustained by John Orszulak, the minor plaintiff, and for consequential damages of his mother as a result of a motor vehicle accident. The accident occurred while the operator of the automobile in which John was a passenger was allegedly "racing" with the automobile of the defendant. The case was submitted to the jury and a verdict was returned for the plaintiff John, in the sum of $7,500 and a verdict was returned for his mother, in the sum of $500. The case is here on the plaintiffs' exceptions to the entry of verdicts for the defendant in accordance with leave reserved.

We summarize the evidence most favorable to the plaintiffs. Prior to the accident John and one Richard Grigas were leaving a restaurant in Ware when they observed the defendant drive by in his automobile with a female passenger, both of whom John and Grigas knew. When they saw the defendant's automobile turn onto North Street, Grigas drove up North Street past a trailer park where the

girl in the defendant's automobile lived. They observed the defendant's automobile, with the defendant and the girl in it, parked fifteen or twenty yards off the road. "Grigas slowed down as they went past the trailer park, turned around and came back, then stopped, and was staring at the defendant's car; the defendant looked back at them and then Grigas drove away," proceeding up Highland Street. When he stopped prior to entering Church Street, they noticed the defendant's automobile "coming up the hill about a hundred yards behind them." Grigas made a right turn and started down Church Street. As Grigas and John were traveling along Church Street, the defendant came up behind them and started to pass. "When he started to pass, Grigas floored his car, stepped on the gas, and tried to top him, so . . . [the defendant] passed as we come down Church Street." The two cars were traveling at about seventy miles an hour on Church Street. After both automobiles had turned onto West Main Street the speed of the defendant's automobile increased and Grigas started to pass it. After they had passed the defendant's automobile, "they came to a sharp corner which they went around and met another corner and crashed into a tree." When they had passed the defendant's automobile, Grigas's automobile was traveling about sixty-five to seventy miles an hour.

The defendant and his passenger stated that they had observed sparks when Grigas's automobile struck the tree. They corroborated the testimony of John except for the rate of speed the automobiles were traveling.

The defendant in essence contends that the determination by the jury that the defendant and Grigas were racing at the time of the accident would be "pure conjecture." We disagree. The instant case is indistinguishable from the case of *Nelson* v. *Nason,* 343 Mass. 220. "Direct testimony of an agreement to race was not required." *Nelson* v. *Nason, supra,* at 222. The jury could have reasonably inferred that the conduct of the defendant and Grigas prior to the accident amounted to a challenge and response, and

that the defendant's acceleration as Grigas prepared to pass his automobile was a cause of Grigas's excessive speed at the time of the accident. Persons who race automobiles on a public way are liable in negligence for injuries caused by one of them. *Brown* v. *Thayer,* 212 Mass. 392, 397. *Nelson* v. *Nason, supra.*

The exceptions are sustained and judgments are to be entered on the verdicts returned by the jury.

*So ordered.*