Cowin, J.
The plaintiff Marie M. Burns, executrix of the estate of Rosemary Carroll, is seeking damages from the defendant, Robert W. Murphy, for a car accident in which Carroll was killed. Murphy now moves for summary judgment pursuant to Mass.R.Civ.P. 56 on the grounds that he did not, as a matter of law, breach any duiy owed to the plaintiff and that the plaintiff will be unable to produce at trial any evidence that Murphy’s conduct was the proximate cause of the decedent’s death. For the reasons discussed below, the motion is allowed.
BACKGROUND
The Court treats the following facts drawn from the papers submitted as true for purposes of this summary judgment motion only.[2] On May 4, 1990, the defendant, a 17-year old high school student, drove his automobile from the Northeast Regional Vocational High School. David Brandano was his passenger. In front of Murphy was an automobile driven by Robert J. Maltacea, Jr. with three other young male passengers. As Maltacea drove, he repeatedly stepped on his accelerator, then his brake, each in quick succession. Murphy, driving immediately behind Maltacea, was *68 repeatedly forced to stop short to avoid hitting Maltacea’s car. Eventually, Murphy’s automobile bumped into Maltacea’s, causing no damage to either car. Murphy told his passenger that Maltacea was an “idiot” and that he was “getting away from this kid.” As Murphy pulled around the Maltacea vehicle, he saw the occupants of the Maltacea vehicle laughing and talking. No words or signals of any kind were exchanged between the occupants of the two cars. Murphy drove to the end of the road leading out of the high school parking lot. At least two other automobiles passed the Maltacea vehicle at this time. When Murphy pulled away from the school lot onto Hemlock Road, he was at least 35 yards in front of the Maltacea vehicle.
Murphy turned from Hemlock Road onto Farm Street and then onto Howard Street. After driving on Howard for 200 to 300 yards Murphy observed in his rear-view mirror that Maltacea’s vehicle was turning from Farm onto Howard. Murphy said to his passenger: “He’s still there you know.” Because Howard is a winding road, Murphy soon lost sight of the Maltacea vehicle. Murphy continued driving at 35 to 40 miles per hour. (Howard Street had a posted speed limit of 30 miles per hour.) Approximately three miles from the school, at the second major corner on Howard Street (the corner where the accident later occurred) Murphy viewed Maltacea, now only 150 yards behind him. Murphy continued around the corner onto a straight section of the road. He was still traveling at approximately 35 to 40 miles per hour. Murphy again looked in his rear-view mirror and observed a large cloud of dust and a car spinning around. The Maltacea vehicle, according to a state police report, was traveling at over 60 miles per hour, and had hit the decedent’s automobile in the vicinity of 112 Howard Street. The site of the accident was three miles from the school parking lot.
Maltacea testified in his deposition that he remembers Murphy bumping and then passing him. He has no memory of any subsequent events pertinent to the accident. Maltacea does state that he was not chasing Murphy but that he might possibly have been following Murphy to discover Murphy’s license plate number.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of demonstrating affirmatively the absence of a triable issue, and of establishing that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass. at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 297, 209 (1989). Summary judgment is rarely granted on the merits of a negligence action. Foley v. Matulewicz, 17 Mass.App.Ct. 1004, 1005 (1984).
The defendant maintains that he violated no duty to Ms. Carroll and that there is no evidence connecting the bumping incident at the school and the subsequent accident. The plaintiff asserts that based on the above facts and the applicable case law a jury could find that Murphy and Maltacea were engaged in a “challenge and response” chase or race. A person is liable “[flor the harm resulting to a third person from the tortious conduct of another ... if he ... (b) knows that the other’s conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other . . .” Nelson v. Nason, 343 Mass. 220, 222 (1969), quoting Restatement of Torts, §876. For example, in Nelson v. Nason, supra, the defendant had been engaged in a 70-75 mile-per-hour chase in which his front bumper was one foot behind the rear bumper of the second vehicle. Within a minute after passing a third vehicle, and immediately after the defendant passed the second vehicle, the second vehicle failed to negotiate a turn and slammed into the plaintiffs car. Id. at 221. The Nelson court held that despite the lack of evidence of an express agreement to race, “it was reasonable for the jury to infer that [the defendant’s] reckless close pursuit culminating in his passing [the second vehicle] ... at a [high speed] was a cause of the [second vehicle’s] excessive speed within the following moments up to the time of collision.” Id. at 222.
In Orszulak v. Bujnevicie, 355 Mass. 157 (1969), the defendant accelerated when the driver of a second vehicle, containing the passenger-plaintiff, attempted to pass the defendant on a two-lane road. After accelerating to 70 miles per hour, the plaintiffs car was unable to complete a sharp comer and crashed into a tree. Id. at 157-58. The Orszulak Court held that the “jury could have reasonably inferred that the conduct of the defendant and [the driver of the second vehicle] prior to the accident amounted to a challenge and response, and that the defendant’s acceleration as [the second driver] prepared to pass his automobile was a cause of [the second driver’s] excessive speed at the time of the accident.” Id. at 158-59. In both these cases *69 there was a close temporal and spatial connection between the actions of the defendant and the accident. See also Brown v. Thayer, 212 Mass. 392 (1912).
By contrast, in the case at bar, the connection between the bumping incident and the accident is a fatally tenuous one. The accident in the instant case occurred three miles from the school where the bumping incident took place. The defendant has presented uncontroverted evidence that after the bumping incident Murphy and Maltacea’s vehicles were never closer than 150 yards. There were no words or gestures exchanged between the occupants of the Murphy and Maltacea vehicles. In sum, the plaintiff has presented no credible evidence demonstrating that Murphy assisted or encouraged Maltacea. No reasonable jury could find that Murphy and Maltacea were engaged in a “challenge and response” chase or race.
The defendant has met his burden of affirmatively demonstrating the absence of a triable issue, namely, whether his actions proximately caused the plaintiffs death. Because the plaintiff has failed to allege specific facts raising a genuine issue on this essential element, summaiy judgment must be allowed for the defendant.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant’s motion for summary judgment is ALLOWED.

 To the extent that there are any factual disputes, they have been resolved in favor of the plaintiff for purposes of this motion.