William Beeler

*v.*

Stephen C. Webb.

*Filed at Springfield March 30, 1885.*

1. Evidence—*admissions by one of several defendants—against whom to be received.* In an action on the case against two for enticing away the wife of the plaintiff, the declarations and conversations of the defendant with whom the wife eloped, during his absence with her, before proof of any conspiracy between the defendants, and his declarations after his return and after the conspiracy was consummated, were admitted in evidence on behalf of the plaintiff, the court, however, limiting it in its effect to the person who made the declarations. On objection by his co-defendant, it was considered that the matters proven did not at all affect him, and evidence concerning the declarations was certainly admissible against the one who made them.

2. Same—*of the sufficiency of an interrogatory as ground for exception that evidence concerning a particular matter had been excluded.* In an action by a husband against parties for enticing his wife to elope with one of them, counsel for the defendants asked a witness: "I will ask you if she (the wife) was living there (at her father's) at the time they made a wedding feast and W. (the plaintiff) failed to appear:" *Held,* that the question would not support an exception of the exclusion of evidence to show preparations had been made for a wedding, and that the wedding had been appointed to take place at several times, and that the plaintiff disappointed his intended wife by failing to appear. There should have been direct inquiry as to those facts, in order to found an exception to the exclusion of a question concerning them.

3. Appeal—*question of excessive damages—whether cognizable in the Supreme Court.* Where the Appellate Court fails to reverse a judgment in an action sounding in tort, on the ground that the damages are excessive, the question of the excessiveness of the damages can not be considered in this court.

APPEAL from the Appellate Court for the Third District; —heard in that court on appeal from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding.

Mr. J. S. NEVILLE, and Mr. J. E. POLLOCK, for the appellant:

It was error to admit Burns' declarations before a conspiracy was proved. *Danville Bank* v. *Waddell*, 31 Gratt. 484; 2 Best on Evidence, sec. 508; 1 Greenleaf on Evidence, sec. 111; 1 Wharton on Evidence, secs. 1200-1206.

The declarations of a co-conspirator can not be given in evidence as against another, if made after the conspiracy was consummated. *Benford* v. *Sanner*, 40 Pa. St. 9; *Foster* v. *Thrasher*, 45 Ga. 517; *Dart* v. *Walker*, 3 Daly, 136; *State* v. *Jackson*, 29 La. Ann. 354; *Reid* v. *Louisiana State Lottery Co.* 29 id. 388; *Lyons* v. *State*, 36 Miss. 617; *Garrard* v. *State*, 50 id. 147; *Hunter* v. *Commonwealth*, 7 Gratt. 641; *People* v. *Moore*, 45 Cal. 19.

Evidence was offered to prove that preparations for the marriage of Webb and Mattie had been made several times. Each time the day was set and the wedding feast was made ready, and each time Webb disappointed her. This was surely proper in mitigation of damages, and as tending to show Webb's estimation of his future wife. *Preston* v. *Bowers*, 13 Ohio St. 1.

The damages are excessive. That a verdict may be set aside on this ground, see *Haywood* v. *Merrill*, 94 Ill. 349; *Thompson* v. *Clendening*, 1 Head, 287; *Crose* v. *Rutledge*, 81 Ill. 266.

Messrs. FIFER & PHILLIPS, for the appellee:

In cases of conspiracy, the declarations and acts of one in pursuance of the original plan, are evidence against all. They may be shown before proving the conspiracy. 1 Greenleaf on Evidence, sec. 111; 2 Wharton on Evidence, sec. 1205;

2 Best on Evidence, sec. 508; *Railroad Co.* v. *Collins*, 66 Ill. 212; *Philpot* v. *Taylor*, 75 id. 309; *Wilson* v. *People*, 94 id. 299.

But Burns made no declarations which in any way affected Beeler. They related alone to his own conduct.

The question excluded did not ask as to the fact whether a wedding feast had been prepared, etc. It was but an insinuation of counsel.

Whether the damages found by the jury are excessive, can not be considered as a question of law, open to review in this court. *Mann* v. *McKiernan*, 110 Ill. 19; *Pullman Palace Car Co.* v. *Bluhm*, 109 id. 20.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action in case, brought by Stephen C. Webb, against William H. Burns and William Beeler, for enticing away the wife of Webb, and inducing her to elope with Burns. Burns was defaulted, and there was a plea of the general issue as to Beeler. Upon a trial had, a verdict and judgment were rendered against the defendants. The judgment was affirmed by the Appellate Court for the Third District, and Beeler appeals to this court.

It appears that Burns and Webb were rival suitors of Mrs. Webb before her marriage with Webb, which took place on August 31, 1882. On September 17, 1882, Burns induced Mrs. Webb to leave her husband and go off with him. They stayed away together about one week, going to Chicago and other places, and were doubtless holding illicit relations during the time. After her return, Webb took his wife home, and has been living with her ever since. The charge against Beeler, the father of Mrs. Webb, is, that he aided, assisted and conspired with Burns in bringing about the elopement.

It is assigned for error that the trial court improperly admitted in evidence the declarations and conversations of

Burns during his absence with Mrs. Webb, before a conspiracy was proven, and also those made after his return, and after the conspiracy was consummated. The court, in admitting the evidence, limited it in its effect to Burns; and, besides, the evidence did not at all affect Beeler. We find no error in the admission of this testimony. It was certainly admissible as against Burns himself.

It is alleged that evidence was offered to prove that preparations for the marriage of Webb and Miss Beeler had been made several times,—that each time the day was set and the wedding feast was made ready, and each time Webb disappointed her,—which the court erroneously excluded. All the basis for this which we discover in the record, is the exclusion of the following question: "I will ask you if she (Mrs. Webb) was living there (at her father's) at the time they made a wedding feast and Webb failed to appear." The question did not ask for the fact whether a wedding feast had, or not, been made and Webb failed to appear, but insinuated an assertion of counsel to that effect into an inquiry upon a different subject. There should have been direct inquiry as to that fact, in order to found an exception to the exclusion of a question concerning it.

It is complained that the damages are excessive. They may be so under the circumstances of this case; but the responsibility for sustaining the judgment against that objection is with the Appellate Court. We can not review its judgment in this respect. *Pullman Palace Car Co.* v. *Bluhm,* 109 Ill. 20; *Mann* v. *McKiernan,* 110 id. 19.

The judgment must be affirmed.

*Judgment affirmed.*