Elizabeth Geromini *vs.* Louis Brunelle.

Norfolk.    March 26, 1913. — May 22, 1913.

Present: Rugg, C. J., Morton, Loring, Sheldon, & De Courcy, JJ.

*Husband and Wife.    Alienation of Affections.*

In an action wherein the plaintiff, a married woman, alleges that the defendant unlawfully persuaded and incited her husband to desert her and to take with him their minor children, and it appears that such persuasion and incitement were in the form of advice, it is necessary for the maintenance of the action that the plaintiff should prove that the advice was not given honestly or that it was given with a malevolent motive.

Tort for unlawfully persuading, inciting and aiding the plaintiff's husband, Petro Geromini, to desert her and to take with him their minor children. Writ dated September 21, 1911.

In the Superior Court the case was tried before *Crosby,* J.

The material facts are stated in the opinion. The jury found for the defendant; and the plaintiff alleged exceptions.

The case was submitted on briefs.

*E. O. Howard,* for the plaintiff.

*H. T. Richardson & G. P. Holbrook,* for the defendant.

MORTON, J. The only exception in this case is to the refusal of the trial judge to instruct the jury as requested by the plaintiff that she need not prove malice on the part of the defendant in order to entitle her to recover. We do not understand the plaintiff to find any fault with the instructions that were given if the instruction requested was rightly refused.

We think that the instruction asked for could not have been properly given. In *Tasker* v. *Stanley,* 153 Mass. 148, 150, in an action for alienating the affections of the plaintiff's wife and enticing her to leave him, it was held that the defendants had a right to show that their advice was honestly given with a view to the welfare of both parties, and that in order to render them liable it should appear that the advice was not given honestly or was given from malevolent motives. We think that the same principles apply in an action by the wife for persuading and enticing her husband to leave her and take with him their minor children. It is true that the husband is bound to support his wife and that he is liable to a criminal complaint if he unreasonably refuses or neglects to do so. But we do not think that that fact can affect his right to such advice or render a third party liable for advice which is given with an honest and friendly desire to assist him even though it may lead to his separation from his wife and may turn out not to have been the best advice that could have been given. The liability of the defendant does not depend upon whether the separation resulted wholly or in part from the advice which he gave, but *quo animo* the advice was given. There must have been an invasion of the plaintiff's rights in some form by the defendant in order to entitle her to maintain an action against him. In order to show that in the present case she had to show malice on his part. This she failed to do. It follows that the exceptions must be overruled. See *Corey* v. *Eastman,* 166 Mass. 279, 287; *Plant* v. *Woods,* 176 Mass. 492, 500; *Multer* v. *Knibbs,* 193 Mass. 556.

*Exceptions overruled.*