James A. Gahagan *vs.* Austin E. Church.

Hampshire. September 21, 1921. — October 11, 1921.

Present: Rugg, C. J., De Courcy, Crosby, Carroll, & Jenney, JJ.

*Actionable Tort. Alienation of Affections. Husband and Wife.*

A husband may maintain an action of tort against another man who, with malice and improper motives, persuaded and enticed the plaintiff's wife to leave his home.

At the trial of an action of the character above described, there was evidence warranting findings that the plaintiff had purchased a farm from the defendant and in June of a certain year had moved to it with his wife and five children when the plaintiff's wife met the defendant for the first time; that during the succeeding sixteen months there were numerous acts of familiarity between the defendant and the plaintiff's wife, the defendant frequently calling at the plaintiff's house, sometimes in the plaintiff's absence; that, during the summer succeeding their first meeting, at one time they were seen seated on a barrel, he having his arm around her waist, and at another time sitting together on the grass by the roadside; and that on the way to and from a dance she sat on his knee, although there was ample room on the wagon seat; that in August of the year following their first meeting, the plaintiff had seen them standing in a pasture, the defendant with his arms around her waist; that the plaintiff told the defendant to "keep away from her entirely and keep away from the place and warned him;" that the defendant replied, "don't blame her but blame me if your home is broken up . . . you are not the proper man for that woman, . . . you cannot make a home as a man should;" that the defendant persisted in calling on the plaintiff's wife in the plaintiff's absence; and that in September the plaintiff's wife left her home. The defendant did not testify at the trial. *Held,* that a verdict for the plaintiff was warranted.

Tort, the allegations of the declaration being "that the defendant contriving and wrongfully intending to injure the plaintiff and to deprive him of the comfort, society, aid and assistance of Ruth Gahagan, the wife of the plaintiff, and to alienate and destroy her affection for him, unlawfully and unjustly gained the affections of his said wife, and persuaded, procured and enticed his said wife to leave the home of the plaintiff and to continue absent from the same, by means of which persuasion and enticement she did continue absent for a long period of time and up to the bringing of this suit, whereby the plaintiff lost the company, society, aid. and assistance of his said wife, and her affection for the plain-

tiff was wholly alienated and destroyed." Writ dated October 14, 1920.

In the Superior Court, the action was tried before *Fosdick*, J. The material evidence is described in the opinion. The plaintiff's wife was called by him as a witness and denied all acts of familiarity with the defendant. The defendant produced no evidence controverting or relating to the evidence introduced by the plaintiff and described in the opinion as to acts of familiarity of the defendant with the plaintiff's wife. At the close of the evidence, the defendant moved that a verdict be ordered for him. The motion was denied. The jury found for the plaintiff in the sum of $2,500; and the defendant alleged exceptions.

*C. Fairhurst* (*W. A. Davenport* with him), for the defendant.
*T. J. Hammond* (*J. C. Hammond* with him), for the plaintiff.

DE COURCY, J. The plaintiff's action is based on loss of consortium, — that is, his right to the society, conjugal affections and assistance of his wife. Alienation of affections alone is not a substantive cause of action in this Commonwealth, but merely aggravates the damages where the wife is debauched or enticed away. *Neville* v. *Gile*, 174 Mass. 305. It was not necessary for the plaintiff to allege or prove adulterous intercourse; as the action is not for criminal conversation. *Houghton* v. *Rice*, 174 Mass. 366. His claim is that the defendant, with malice or improper motives, persuaded and enticed his wife to leave his home. At common law such invasion of his rights has long been actionable. *Winsmore* v. *Greenbank*, Willes, 577. *Nolin* v. *Pearson*, 191 Mass. 283, 288. *Webber* v. *Benbow*, 211 Mass. 366. *Geromini* v. *Brunelle*, 214 Mass. 492.

The evidence would warrant the jury in finding the following facts: After the plaintiff and his wife had lived in Easthampton for six years, in June, 1919, they moved with their five young children to a farm in Ashfield, which the plaintiff purchased from the defendant. Mrs. Gahagan then met the defendant for the first time. During the months following there were numerous acts of familiarity between them, the defendant frequently calling at the plaintiff's house, sometimes in the latter's absence. During the summer of 1920 at one time they were seen seated on a barrel, with his arm around her waist; at another time sitting together on the grass by the roadside; and on the way to and from a dance

she sat on his knee, although there was ample room on the wagon seat. On August 5, 1920, the plaintiff saw them standing together in the pasture, and the defendant had his arms around Mrs. Gahagan's waist. Gahagan then told the defendant to "keep away from her and keep away from her entirely and keep away from the place and warned him." According to the plaintiff's testimony the response of the defendant was, "don't blame her but blame me if your home is broken up;" and "you are not the proper man for that woman, . . . you cannot make a home as a man should." He persisted in calling upon Mrs. Gahagan during her husband's absence. On September 20, 1920, she left her home and moved to Northampton, with the children. She has since refused to return; and when urged to go back for the sake of the children, she said that "she wouldn't have anything more to do with Mr. Gahagan."

Without stating the evidence in further detail, it is apparent that it raised an issue for the jury as to whether the conduct of the defendant was a controlling cause of Mrs. Gahagan's desertion. *Hadley* v. *Heyward,* 121 Mass. 236. Although present at the trial, he did not testify in denial or explanation of the statements and conduct above referred to. We cannot say, as matter of law, that the testimony of the witnesses, and the reasonable inferences which practical men would naturally draw from that testimony, did not warrant a verdict for the plaintiff.

The defendant has not argued his exceptions to the admission of evidence, and we treat them as waived.

*Exceptions overruled.*