JOHN FRANCIS McGRATH vs. FREDERIC R. SULLIVAN.

SAME vs. FREDERIC R. SULLIVAN & another.

Suffolk.    December 7, 1938. — June 7, 1939.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & RONAN, JJ.

*Res Judicata. Pleading, Civil, Declaration. Practice, Civil, Abatement, Election. Alienation of Affections. Criminal Conversation. Husband and Wife. Joint Tortfeasors.*

A final judgment following the sustaining of a demurrer to a declaration on the ground that it set forth no cause of action barred as *res judicata* counts of a later action between the same parties setting forth substantially the same allegations, irrespective of whether the sustaining of the demurrer was right or wrong.

A count in an action for criminal conversation with the plaintiff's wife was not barred, on the ground of *res judicata,* by a judgment for the defendant in an earlier action between the same parties following the sustaining of a demurrer to the declaration on the stated ground that "no action was maintainable for interference . . . with the marriage contract" and probably on the ground that an allegation as to criminal conversation and resulting separation was deemed not to be the gist of the action, although such count contained an allegation that it was "for the same cause of action" as was set forth in two other counts that were so barred.

It was not proper to abate an action at law merely because the plaintiff previously had brought a bill in equity against the same defendant on the same ground, which was still pending; the plaintiff should have been permitted to elect between the two proceedings.

That one of two defendants in an action of tort aided the other by affording him an opportunity to have illicit intercourse with a woman not his wife was ground for action by the husband of the woman against the defendant so aiding although he did not know that the woman was the plaintiff's wife.

TWO ACTIONS OF TORT. Writs in the Superior Court dated March 20, 1937.

The actions were reported by *Williams,* J., and were submitted on briefs in this court.

*C. W. Lavers,* for the plaintiff.

*H. F. Wood,* for the defendants.

LUMMUS, J. The declaration in the action of tort against Sullivan only, numbered 327782 in the Superior Court, con-

tained five counts. The defendant filed what he called a "plea in abatement," which set up as to the first three counts that they were barred by a former judgment in an action between the same parties, numbered 319916. Of course that was really not matter in abatement, but in bar, and under the practice act could not properly be set up by plea, for pleas in bar in actions at law have long since been abolished. G. L. (Ter. Ed.) c. 231, § 22. *Foye* v. *Patch*, 132 Mass. 105, 109, 110. *Gallo* v. *Foley*, 299 Mass. 1, 4–5. *Charles I. Hosmer, Inc.* v. *Commonwealth*, 302 Mass. 495, 498. But no question of pleading or practice has been argued, and we deal with the action of the judge upon its merits in point of substantive law. The judge "sustained" the so called plea, and thus ruled that the defence of *res judicata* was made out. Apparently no oral evidence was received, but the decision was made upon a comparison of the record in the earlier action with the declaration in the present one.

To test the correctness of his ruling, we must go back to the demurrer in the earlier action numbered 319916, the sustaining of which resulted in a judgment for the defendant Sullivan in that action. Both that action and the present one were based upon the alleged tortious interference by Sullivan with the marital rights of the plaintiff. In the earlier action the declaration set forth criminal conversation between Sullivan and the plaintiff's wife and a resulting separation of the plaintiff and his wife. In the present action the declaration, while setting forth such criminal conversation, alleges no separation of the plaintiff and his wife, and no enticement of her from his house. In other respects the first two counts of the declaration in the present case are identical with counts in the declaration in the earlier case to which a demurrer was sustained. The grounds of the demurrer were that no cause of action was stated and that "no action was maintainable for interference or for malicious interference with a marriage contract." Obviously, if the declaration in the earlier action did not state a cause of action, the first two counts of the declaration in the present action do not. The demurrer was sus-

tained upon the merits, — upon the proposition that the facts stated did not constitute a valid cause of action. However the declaration in the earlier action may be construed, and whatever the cause of action asserted in it was, the same cause of action is asserted in substantially identical words in the first two counts of the declaration in the present action. It was established by the former judgment, — rightly or wrongly, it is immaterial which, — that that cause of action is not a valid one. *Abbott* v. *Bean*, 295 Mass. 268. See also *Whitney* v. *Whitney*, 299 Mass. 547, 550. As to the first two counts of the present declaration, the former judgment, though rendered upon the sustaining of a demurrer, is a bar.

A possible, and indeed a probable, explanation of the sustaining of the demurrer, notwithstanding the statement in the declaration in the earlier action of criminal conversation and resulting separation, is that that statement was deemed not the gist of the cause of action set forth and relied on, but a mere inducement to the allegation of alienation of affections upon which the claim of recovery was based. If that view was adopted, the sustaining of the demurrer followed naturally, for by the law of this Commonwealth mere alienation of affections, without criminal conversation or any separation of husband and wife, is not an actionable tort. *Bigaouette* v. *Paulet*, 134 Mass. 123. *Neville* v. *Gile*, 174 Mass. 305. *Gahagan* v. *Church*, 239 Mass. 558. Compare Am. Law Inst. Restatement: Torts, § 683.

The burden was on the defendant Sullivan to prove that the former judgment is a bar to the prosecution of the present action. *Tighe* v. *Skillings*, 297 Mass. 504, 507. He has not sustained that burden as to the third count of the present declaration, which appears to set forth and rely upon criminal conversation, even though it is declared to be "for the same cause of action as the first and second counts." See *Evatt* v. *Willard D. Martin, Inc.* 302 Mass. 414, 417. For reasons already stated, it has not been shown that the sustaining of the demurrer was based upon the erroneous ground that criminal con-

versation is not actionable. The earlier judgment, therefore, constitutes no bar to the prosecution of the third count, which as we construe it is for criminal conversation. There was error in the ruling to the contrary. For similar reasons there was error in the ruling that the former judgment bars recovery in the action against Sullivan and Lee numbered 327781, which is based upon alleged criminal conversation.

The next question is one of abatement. The plaintiff, as early as July 17, 1936, brought a suit in equity against the defendant Sullivan, which is still pending. The suit was based in part at least upon the same cause as are the present actions, which were brought later. The judge ruled that the present actions must abate. This was error. The pendency of a suit in equity has not the same technical effect as the pendency of an action at law in abating a later action. The plaintiff should have been permitted to elect, in seeking relief against Sullivan, between the present actions and the suit in equity. *Beauregard* v. *Capitol Amusement Co.* 301 Mass. 142, and cases cited. It is probable that it is too late to set up want of equity as a defence to the suit in equity (*Carleton & Hovey Co.* v. *Burns*, 285 Mass. 479, 486, 487; *Potier* v. *A. W. Perry, Inc.* 286 Mass. 602, 609; *Giles* v. *Giles*, 293 Mass. 495, 498; *Galdston* v. *McCarthy*, 302 Mass. 36), but we make no intimation as to the nature of the relief that might be possible in that suit.

The remaining question concerns the liability of Lee, whose demurrer was sustained in the action numbered 327781, brought against Sullivan and Lee as joint tortfeasors. The declaration alleged that the defendants pretended to occupy together a stateroom on a steamer from New York to California, while the plaintiff's wife and another woman pretended to occupy another stateroom; whereas in fact, by arrangement between the defendants, Sullivan and the plaintiff's wife occupied one of the staterooms, where they had adulterous relations.

Obviously, the use of each stateroom by a man and a woman, instead of by two persons of the same sex, facilitated adultery, and the pretence afforded some measure of

protection in the commission of adultery. Illicit intercourse by Sullivan was contemplated, and Lee aided him by affording him opportunity. That was enough to fasten liability upon Lee. *Brown* v. *Perkins*, 1 Allen, 89, 98. *Banfield* v. *Whipple*, 10 Allen, 27. *Commonwealth* v. *Hurley*, 99 Mass. 433. *Lane* v. *Atlantic Works*, 111 Mass. 136, 140, 141. *Mulchey* v. *Methodist Religious Society*, 125 Mass. 487, 490. *Feneff* v. *Boston & Maine Railroad*, 196 Mass. 575. *Gavin* v. *Kluge*, 275 Mass. 372, 379. We are aware of no reason why liability should not result from such conduct in cases of this sort as in other cases of tort. See *Evans* v. *O'Connor*, 174 Mass. 287; *Beeler* v. *Webb*, 113 Ill. 436; *Kuhn* v. *Hemmann*, 43 App. Div. (N. Y.) 108.

It was not necessary to allege that Lee knew that the woman was the plaintiff's wife. In adultery, "if a man will have connection with a woman to whom he is not married, he must take the chance of her turning out to be married to some one else." *Commonwealth* v. *Smith*, 166 Mass. 370, 376, and cases cited. So in criminal conversation, it is not necessary to allege that the defendant who violated the husband's right of exclusive intercourse or the defendant who aided the primary wrongdoer, knew that the woman was a wife. *Wales* v. *Miner*, 89 Ind. 118, 121. *Madison* v. *Neuburger*, 130 Misc. (N. Y.) 650. *Lord* v. *Lord*, [1900] P. 297. See also *Pierce* v. *Crisp*, 260 Ky. 519.

The result is, that the rulings that the proceedings against the defendant Sullivan are barred by the judgment in the earlier action are reversed, except so far as they relate to the first two counts of the declaration in the action numbered 327782, and as to them the ruling is affirmed; that all orders abating actions or parts thereof are reversed; that the plaintiff is to be given his election to prosecute against the defendant Sullivan either the present actions or the suit in equity; and that the order sustaining the demurrer of the defendant Lee is reversed. The cases are to stand for further proceedings not inconsistent with this opinion.

*So ordered.*