PHILIAS CARON *vs.* SOUTHBRIDGE ROOFING COMPANY, INC. October 29, 1948. Appeal dismissed. The plaintiff brings this action of contract against the defendant, his former employer, to recover unpaid overtime compensation, liquidated damages and a reasonable attorney's fee and costs under the provisions of § 16 (b) of the fair labor standards act of 1938. U. S. C. (1946 ed.) Title 29, § 216 (b). The declaration alleges that the overtime compensation was earned during the period between October 24, 1938, and November, 1942. The defendant filed an answer which, among other things, set up the statute of limitations. At the same time the defendant filed a pleading designated "defendant's plea in bar," which stated that it "pleads in bar to the plaintiff's declaration in so far as applicable to the allegations contained therein, as follows: 1. The defendant pleads the statute of limitations with respect to any amounts claimed prior to June 26, 1941." The writ was dated June 26, 1947. From the action of the judge sustaining the so called "plea in bar," the plaintiff appealed. Since pleas in bar in actions at law are abolished (G. L. [Ter. Ed.] c. 231, § 22; *McGrath* v. *Sullivan,* 303 Mass. 327, 328), we treat the plea as part of the answer in accordance with its true nature. *E. S. Parks Shellac Co.* v. *Jones,* 265 Mass. 108, 110. The appeal is not rightly here. The statute governing appeals in actions at law is G. L. (Ter. Ed.) c. 231, § 96. The appeal here is not authorized by § 96. Plainly the order appealed from was not "decisive of the case," for it did not preclude the plaintiff from recovering compensation for unpaid overtime for the period subsequent to June 26, 1941. Nor was the order "founded upon matter of law apparent on the record." The order purporting to sustain the so called plea imports a finding by the judge that the defence thereby set up was established as matter of fact. But the facts upon which the finding was based are not incorporated in the record. See *Gallo* v. *Foley,* 299 Mass. 1, 5–6; *Styrnbrough* v. *Cambridge Savings Bank,* 299 Mass. 22, 23–24. The order, therefore, was not "decisive of the case founded upon matter of law apparent on the record" within the meaning of these words in § 96. Obviously the order was not within any other class of orders appealable under that section.

*E. H. Kane,* for the plaintiff.

*J. M. Smith,* for the defendant, was not called on.