## GORDON v. PARKER.

Civ. No. 7541.

United States District Court
D. Massachusetts.

Feb. 24, 1949.

Willis A. Downs and John J. O'Neill, both of Boston, Mass., for plaintiff.

Allan Roy Kingston, of Somerville, for defendant.

WYZANSKI, District Judge.

February 16 the jury returned a verdict on Count 1 that defendant had alienated the affections of plaintiff's wife and had thus damaged plaintiff to the extent of $5,000. February 17 I entered judgment for plaintiff and at the same time filed a memorandum noting that the jury's verdict may have rested on their view that defendant had adulterous relations with the wife, D.C., 83 F.Supp. 43. Now defendant moves that the judgment be vacated and that judgment be entered for defendant.

Defendant admitted on the stand that plaintiff's wife came to Massachusetts after he had written to her in Pennsylvania erotic letters addressed to her as "Sugar Puss" and "Super Mellow". While she was in Massachusetts he patted her buttocks, caressed her breasts and kissed her. The wife testified that this conduct did not affect her love for, or sexual relations with plaintiff. But, as the following colloquy discloses, the husband gave an opposite account.

"Q. Did you notice any change in your wife's attraction for you physically from the time you arrived back in August, until around October or November of 1944? A.

There was complete metamorphosis in her reactions. My desires for her, of course, had been unchanged. But I say she was neurotic. The matter of sexual relations were entirely out of the question with her. "Q. There were no sexual relations from the time you returned? A. That is correct."

From the testimony as a whole the jury could have found that defendant was "a controlling cause" of the wife coming to Boston and later refusing her husband sexual intercourse. Cf. Gahagan v. Church, 239 Mass. 558, 560, 132 N.E. 357. But defendant argues that to maintain an action for alienation of affections the husband must show first, that defendant caused the wife to separate from the husband—whereas here there was no "loss of consortium due to the defendant's indiscreet actions" and "the plaintiff's wife continued to live with the plaintiff until the plaintiff left her"—and second, that defendant had no purpose beyond seeking his own pleasure.

A short answer to these points is that, as my memorandum of February 17 observes, the jury may have found that defendant committed adultery. And consensual adultery admittedly sustains a judgment for alienation of affections. McGrath v. Sullivan, 303 Mass. 327, 329, 21 N.E.2d 533; Labrie v. Midwood, 273 Mass. 578, 174 N.E. 214.

However, on the assumption that the jury found that defendant only dandled and fondled the wife and did not penetrate her, I shall consider defendant's two arguments. First, however, I ought to note that inasmuch as admittedly defendant had physical contact with the wife only in Massachusetts and inasmuch as the jury could have found that the wife declined to have sexual relations with her husband during their trip to Massachusetts as well as elsewhere, I have no reason to alter the opinion I delivered on January 31 that a Massachusetts court would hold that the Massachusetts rules on alienation of affections govern this case.

A husband to sustain an action for alienation of affections need not show that as a result of defendant's conduct the wife deserted the marital home. If defendant's conduct has so affected the wife's mind that she makes trips to defendant's city and thereafter chooses not to have sexual intercourse with her husband, that is an interference with one of the husband's essential conjugal rights. It is the sort of separation or breach of the consortium which will support an action for alienation of affections. Restatement, Torts, § 684 comment b. Cf. Bradstreet v. Wallace, 254 Mass. 509, 510, 150 N.E. 405; Longe v. Saunders, 246 Mass. 159, 160 last 3 lines, 140 N.E. 741. If the old and constantly distinguished case of Houghton v. Rice, 174 Mass. 366, 54 N.E. 843, 47 L.R.A. 310, 75 Am.St.Rep. 351 is to the contrary, it would not be followed in Massachusetts today. There is no legal difference between enticing a wife to leave her husband's home and enticing her to leave her husband's bed.

It is true that Restatement, Torts, § 684 states that to sustain an action for alienation of affections as distinguished from an action for criminal conversation the husband must invariably show that defendant had a conscious "purpose of disrupting the marriage relation". And, indeed, my charge to the jury required plaintiff to make such a showing. However, on this point my charge was too favorable to defendant, for under Massachusetts law, unlike the Restatement, plaintiff was entitled to a verdict for alienation of affections if defendant engaged in acts of physical misconduct. It might be said that his actions imply a purpose to disrupt the marriage. But that would be a fiction. It would be more realistic to say that where defendant engages in physical misconduct which a reasonable man would foresee is likely to cause a wife to deny conjugal rights to her husband, and defendant's conduct does in fact cause a wife to deny her husband his "conjugal rights", then defendant, regardless of his state of mind, is liable for alienation of affections. This doctrine has been applied where a defendant has had sexual intercourse with plaintiff's wife with her consent. McGrath v. Sullivan, 303 Mass. 327, 329, 21 N.E.2d 533; Gahagan v. Church, 239 Mass. 558, 132 N.E. 357. That is, criminal conversation plus consent by the wife equals alienation of

affections. Where the wife does not freely consent, there is no alienation of affections, though there is criminal conversation. Digaouette v. Paulet, 134 Mass. 123, 125, 45 Am.Rep. 307. As the cases cited show, the critical issue is whether the wife consented to the adultery. For if she does, a reasonable man in the defendant's place would foresee that thereafter the wife might cease to desire sexual relations with her spouse not because her body had been sullied but because her affections had been altered. The rule of liability for alienation of affections which has been applied to a defendant who has had the wife's consent to intercourse should on principle be extended to a defendant who has had the wife's consent to patting her buttocks and caressing her breasts. Gahagan v. Church, supra. For there also the acts are such as to operate as an obvious inducement to disrupt the marital consortium. It is unnecessary to decide whether the rule would apply to a defendant who merely wrote erotic letters intending, as defendant says, to do no more than "boost a wife's morale".

Motion denied.