Aguiar, J.
This appeal raises the issue of whether a tortfeasor, who with a group of other wrongdoers attacks and beats another person, and who personally strikes and kicks the victim in the head and ribs, at the same time one or more other wrongdoers hits or kicks the victim in the eye, is jointly liable for the eye injuries suffered by the victim.
The plaintiff who is a firefighter employed by the Town of Foxborough was injured on Nov. 11,1990 when, following a New England Patriots football game, he was attacked and beaten by the defendants, George and Gary Allen, together with other unidentified assailants, while attempting to extinguish a campfire in one of the Foxborough stadium parking lots.
Defendant George Allen moved to amend the judgment claiming that he cannot be held jointly and severally liable for the plaintiffs eye injuries because the Court determined that the harm that George Allen caused is distinguishable from the plaintiffs eye injury.
The trial judge awarded the plaintiff $35,000 in damages regarding his eye injury. The trial judge awarded the plaintiff $8,000 in damages, against George Allen only, regarding injuries to portions of his body other than his eye.
Defendant contends that joint and several liability requires a finding that the damages be “single and indivisible.” The Court found that “the evidence Ms to establish that George Allen struck Mr. Lucas in the eye.” Defendant George Allen argues that “under joint liability principles, since his personal wrongs did not concurrently cause the eye injury, he may not be held liable for the resulting damages under this liability doctrine.”
We find no error.
Aiding and abetting as a basis for joint liability is recognized in Massachusetts. Nelson v. Nason, 343 Mass. 220, 223 (1961).
Under this theory of aiding and abetting, there are two elements. “The first is that the defendant must give substantial assistance or encouragement to the other party.” Brown v. Perkins, 83 Mass. (1 Allen) 89, 97-98 (1861).
The second element is that the defendant must have an unlawful intent, i.e., knowledge that the other party is breaching a duty and the intent to assist that party’s actions. See McGrath v. Sullivan, 303 Mass. 327, 21 N.E. 2d 533 (1939).
Blows to the head and eye were inflicted while a group, including George Allen, was beating Mr. Lucas. George Allen was aware that this group was wrongfully beating Mr. Lucas, and he intended to help them in accomplishing this beating.
There was no error.
George Allen’s actions demonstrated that he met section 876(b)’s two part test:
(1) knowledge of wrongful behavior, and
(2) substantial assistance or encouragement.
Section 876(b) of the Restatement (Second) of Torts is an articulation of aiding *10 and abetting as a basis for imposing joint tort liability. The District Court properly found George Allen liable for all the injuries sustained by the plaintiff.
The appeal should be dismissed.